UNITED STATES OF AMERICA,

v.

Jorge L. PABON–CRUZ, Defendant.

No. 01 CR. 1187(GEL).

United States District Court, S.D. New York.

March 10, 2003.

Alexander H. Southwell, Assistant United States Attorney, New York, New York (James B. Comey, United States Attorney for the Southern District of New York), for United States of America, of counsel.

Deirdre D. von Dornum, New York, New York, for defendant Jorge L. Pabon–Cruz.

## OPINION AND ORDER

LYNCH, District Judge.

Defendant Jorge Pabon Cruz awaits sentence after having been found guilty by a jury of using the Internet to advertise, distribute and receive child pornography. Shortly after his arrest, Pabon underwent a psychological evaluation arranged by the Pretrial Services Agency. That agency subsequently prepared a report, incorporating information obtained in the psychological examination, to assist the Court in setting bail. As is its practice when preparing presentence investigation reports, the Probation Department has obtained Pabon's pretrial services information, including the psychological evaluation. Pabon has applied to the Court for an order that the Probation Department "not [ ] use the PreTrial Services evaluation in preparing its Pre–Sentence Report ['PSR']." (Letter of February 10, 2003, from Deirdre D. von Dornum, Esq., to the Court, at 1.) The application will be denied.

It is the duty of the Court to impose the sentence that will best achieve the purposes of sentencing "in light of *all* the circumstances of the case." 18 U.S.C. § 3551(a) (emphasis added). In determining the appropriate sentence, the Court is required to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Even in the post-guidelines era, appellate courts have repeatedly emphasized that there is no restriction on the types of information that a sentencing court may use in carrying out these duties. "[T]he sentencing court is entitled to rely on any type of information known to it." *United States v. Miller*, 116 F.3d 641, 685 (2d Cir.1997). This rule is rooted in the statutory directive that "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. The Second Circuit has held that:

> The sentencing court's discretion is "largely unlimited either as to the kind of information [the court] may consider, or the source from which it may come." *United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). Any information or circumstance shedding light on the defendant's background, history and behavior may properly be factored into the sentencing determination. *See Williams [v. New York]*, 337 U.S. [241,] 249–50, 69 S.Ct. 1079, 93 L.Ed. 1337, (1949); *United States v. Pugliese*, 860 F.2d 25, 29 (2d Cir.1988).

*United States v. Carmona*, 873 F.2d 569,

574 (2d Cir.1989).[1]

The Probation Department is the agent of the Court that collects information for sentencing purposes. Its reports are, with limited exceptions, a mandatory part of the sentencing process. *See* Fed. R.Crim.P. 32(c)(1)(A); 18 U.S.C. § 3552(a). Since the law permits and even requires the Court to seek out a broad range of information for sentencing, the Probation Department plays an invaluable role by collecting and independently verifying information and making it available to the Court. It would thus be most unwise, and inconsistent with the sentencing policies adopted by Congress in the Sentencing Reform Act and the Federal Rules of Criminal Procedure, to set artificial limits on the information available to the Probation Department, and thus to the Court.

There are a few specific, narrow rules limiting the information that may be included in a PSR. Certain of these are relevant to the matter at issue here. The Federal Rules prohibit PSRs from including "any diagnoses that, if disclosed, might seriously disrupt a rehabilitation program"; any sources of information "obtained upon a promise of confidentiality"; and "any other information that, if disclosed, might result in physical or other harm to the defendant or others." Fed. R.Crim.P. 32(d)(3)(A)-(C). If Pabon contends that information of this nature is contained in the pretrial services information in this case, then the issue of excluding such specific material from the PSR can be raised with the Court at the appropriate time. But the exclusion of certain narrow types of information authorized by Rule 32(d)(3) does not warrant a blanket prohibition of the use of pretrial services information in connection with the preparation of PSRs.

 The Rules do not contemplate that information excluded from a PSR pursuant to Rule 32(d)(3) will be kept from the Probation Department or the Court. *See* Rule 32(i)(1)(B) (requiring that the Court advise the defendant of information provided to the Court but excluded from the PSR under Rule 32(d)(3)). Thus, in analyzing the case and making full information available to the sentencing judge the Probation Department should not be precluded from seeing or using even information that must ultimately be excluded from the PSR. Even where Rule 32(d)(3) clearly precludes the use of material in the PSR, the Probation Department may provide the information to the Court, subject to the Court's obligation to advise the defendant of any such information. If there is a dispute about whether information should be excluded from the report, that question should be considered after the Probation Officer has had access to the material, and included any relevant information to the Court in the initial version of the report, according to the procedure for objections and rulings set forth in Rules 32(f) and 32(i)(3).

 The statute organizing the Pretrial Services Agency provides that "information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential." 18 U.S.C. § 3153(c)(1). However, the statute specifically authorizes the Director of the Administrative Office of United States Courts to

---

**1.** The *Tucker* principle has been applied to hearsay information, *Hili v. Sciarrotta*, 140 F.3d 210, 215 (2d Cir.1998); *United States v. Napolitano*, 761 F.2d 135, 139 (2d Cir.1985), illegally-seized material, *United States v. Teja-* da, 956 F.2d 1256, 1264 (2d Cir.1992), and information from hearings in other proceedings to which defendant was not party and where defendant did not have counsel, *Carmona*, 873 F.2d at 574.

issue regulations providing exceptions to this confidentiality requirement, including one permitting such information to be used "by probation officers for the purpose of compiling presentence reports." 18 U.S.C. § 3153(c)(2)(C). Such a regulation has indeed been issued. *See* Pretrial Services Office Confidentiality Reg. 5(D).[2] Thus, Pabon cannot successfully contend that pretrial services information as such is confidential or otherwise excludable under Fed.R.Crim.P. 32(d)(3).

Finally, Pabon notes that, as the Court has earlier observed, the initial evaluation in question was "very cursory" (8/28/02 Tr. at 15), and that its conclusions thus "could be misleading." (von Dornum Letter at 1.) That may very well be so. And of course, the Court must disregard any information, whether or not it appears in a PSR, that is inaccurate. However, the process of disclosure, comment, and judicial ruling provided by Rules 32(e)-(i) is more than adequate to address any inaccuracy in the PSR. Pabon will have the opportunity to comment on and object to material in the PSR, and it is well-settled that "all that is required during sentencing is that 'the defendant ha[ve] an effective opportunity to rebut allegations likely to affect the sentence.'" *United States v. Gelb*, 944 F.2d 52, 57 (2d Cir.1991) *quoting United States v. Lee*, 818 F.2d 1052, 1056 (2d Cir.1987).[3] In addition, Rule 32 specifically requires the Court to disclose to the defendant any information that the Court will rely on that

is not in the PSR, Fed.R.Crim. P.32(i)(1)(B), to ensure that the defendant has the opportunity to comment on any information within the Court's purview during sentencing.

In short, Pabon's concerns are either unpersuasive or premature. It is not in the interest of justice to withhold any information potentially pertinent to sentencing from the Probation Department as the fact-gathering arm of the Court. After all the information is made available, the Court will be able to decide whether any of it is sufficiently material and reliable to be utilized in sentencing, or whether it should be rejected, excised, or simply not relied upon by the Court at the time of sentencing. A blanket rule prohibiting the use of pretrial services information by the Probation Department would be inconsistent with the law and with good sentencing policy.

### CONCLUSION

The defendant's application for an order prohibiting the Probation Department from using the Pretrial Services Agency's psychological evaluation of the defendant in preparing the PSR is denied.

SO ORDERED.

**2.** Regulation 5(D) in the Guide to Judiciary Policies and Procedures, Pretrial Services Manual, Vol. XII Ch. III reads as follows:
Pretrial services information shall be made available to United States Probation Officers for the purpose of preparing a presentence report, including any amendments or supplements thereto. The probation officer shall not disclose pretrial services information except insofar as that information is used in the presentence report or if the probation officer determines that the infor-

mation is relevant in connection with a proceeding pursuant to Fed.R.Crim.P. 32.1.

**3.** In fact, Rule 32 specifies how courts are to rule on objections to PSRs. Under Rule 32(i)(3), the Court must rule on objections addressing a "controverted matter," by either making a finding on the objection or deciding that the matter will not affect the sentence. *See* Advisory Comm. Notes on 2002 Amendments to Fed.R.Crim.P. 32.