# United States Court of Appeals
## For the First Circuit

No. 05-1939

UNITED STATES OF AMERICA,

Appellee,

v.

LUIS F. GUADALUPE-RIVERA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Hector M. Laffitte, U.S. District Judge]

Before

Lynch, Lipez, and Howard, Circuit Judges.

Laura Maldonado Rodríquez for appellant.
Nelson Pérez-Sosa, Assistant United States Attorney, with whom Rosa Emilia Rodriguez-Velez, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, were on brief, for appellee.

August 30, 2007

**LIPEZ**, __Circuit Judge__. Appellant Luis Guadalupe-Rivera ("Guadalupe") pled guilty to charges involving drug distribution and firearm violations. He now challenges his sentence, contending that (1) the district court abused its discretion in refusing to conduct an evidentiary hearing on whether certain prior convictions on which the court based his sentence were actually part of the instant offense; and (2) the court erred in relying on his confidential juvenile record without disclosing the content of that record to him, in violation of Federal Rule of Civil Procedure 32. As to the former, we find no abuse of discretion; as to the latter, the court's error was harmless. Consequently, we affirm Guadalupe's sentence.

## I.

On July 17, 2003, a grand jury returned a superseding indictment charging Guadalupe and twenty-six other individuals with various violations relating to a drug distribution network. The counts involving Guadalupe alleged conspiracy to possess with intent to distribute and distribution of controlled substances near a school or public housing project, in violation of 21 U.S.C. §§ 841, 846, and 860 (Count One); conspiracy to use, carry or possess firearms in violation of 18 U.S.C. § 924(c), (o) (Count Two); and possession of a firearm in a school zone, in violation of 18 U.S.C. §§ 2 and 922(q)(2) (Count Three).

Guadalupe pled guilty to Counts One and Two. As part of the plea agreement, the parties stipulated to the following underlying facts:

> From on or about June, 2001, and continuing up to March 13, 2003, the defendant . . . did agree with others to possess controlled substances at various drug distribution locations operating within the Nemesio R. Canales Public Housing Project . . . . In particular, the defendant was a manager of a cocaine base ("crack") drug point, a runner, and a shift supervisor at the Nemesio R. Canales Public Housing Project.
> . . .
> From on or about September 12, 2001, continuing up to March 13, 2003, [the defendant] did knowingly, intentionally, and unlawfully conspire and agree with diverse other persons to possess, use, brandish, or carry a shotgun, a .357 revolver, a .9mm pistol, and an AR-15 semi-automatic assault rifle, in furtherance of the drug-trafficking conspiracy mentioned above.

The plea agreement explicitly stated that there was no stipulation as to his criminal history category. With respect to the sentencing recommendation, the agreement explained that if Guadalupe's criminal history category was II or less, the government would recommend a sentence of 168 months' imprisonment; otherwise, the sentencing recommendation would be the lower end of the applicable Sentencing Guidelines range.

The Presentence Report ("PSR") stated that Guadalupe's prior convictions yielded eight criminal history points: three points for a 1998 conviction involving weapons violations, violence against public authority, and aggravated battery; two points for a

1999 conviction for weapons violations; two points for a 2002 conviction for possession of marijuana; and one point for a juvenile offense, the record of which the court received on condition of confidentiality.[1] The PSR also added two criminal history points because Guadalupe was on probation at the time he committed the instant offenses, see U.S.S.G. § 4A1.1(d), and two more points because he committed the instant offenses less than two years after release from imprisonment, see U.S.S.G. § 4A1.1(e). Thus, Guadalupe's record yielded a total of twelve criminal history points, resulting in a criminal history category of V. Based on this criminal history category and a total offense level of thirty-four, the PSR stated that the applicable Sentencing Guidelines range was 235 to 293 months' imprisonment.

During a change of plea hearing in November 2004, Guadalupe objected to the dates of the firearms conspiracy alleged in the indictment, arguing that the conspiracy began earlier than September 2001. He subsequently filed an objection to the PSR, arguing that his two prior convictions for possession of weapons in 1998 and 1999 were "a result of his involvement in the conspiracy." Thus, he contended, those convictions should not count as separate offenses in his criminal history. He asked the district court to conduct an evidentiary hearing to obtain testimony from two

---

[1] The Puerto Rico Rules of Procedure for Minors' Matters, P.R. Laws Ann. tit. 34, § 2237(d), require that juvenile records be kept confidential subject to certain limited exceptions.

-4-

cooperating government witnesses, Edna Diaz Pastrana and Leonor Cuadrado Figueroa, claiming that they would verify that the prior convictions were part of the conspiracy alleged in the indictment. He attached copies of notes in Spanish taken during law enforcement interviews with the witnesses, asserting that these notes supported his claim.

At the sentencing hearing on May 16, 2005, defense counsel renewed the objection to counting the weapons convictions in Guadalupe's criminal history and again alleged that the testimony of the two government witnesses would establish that the conspiracy began prior to the dates specified in the indictment. The court declined to hold an evidentiary hearing for such testimony, and counted the convictions toward the criminal history. Also at the sentencing hearing, defense counsel objected to the court's consideration of confidential information regarding Guadalupe's juvenile history, asserting that she should have access to the information if the court intended to rely on it. However, the court stated that "I don't think it would change anything," and included the juvenile history in its sentencing calculation. Finally, Guadalupe contended that the 2002 marijuana conviction was part of the instant conspiracy. The court accepted that contention.

With the marijuana conviction excluded, Guadalupe's criminal history category was reduced to IV,[2] yielding a Sentencing Guidelines range of 210 to 262 months' imprisonment. The court then sentenced Guadalupe to concurrent terms of imprisonment of 222 months on each count. Guadalupe appeals, contending that (1) the district court abused its discretion in refusing to hold an evidentiary hearing for the testimony of the government witnesses; and (2) the district court erred in considering confidential information from his juvenile record without disclosure of that information to him and his counsel.[3]

## II.

### A. Evidentiary Hearing

The Sentencing Guidelines instruct courts to determine an offender's criminal history category by adding a specified number of points "for each prior sentence of imprisonment," U.S.S.G. § 4A1.1; the length of the prior sentence determines the number of

---

[2] The two points added for the marijuana conviction were removed, as well as the two points added under U.S.S.G. § 4A1.1(e) because the instant offense had occurred less than two years after Guadalupe was released after serving his term of imprisonment for the marijuana conviction. The changes left eight criminal history points, with a resulting criminal history category of IV.

[3] Guadalupe's plea agreement also contained a provision waiving his right to appeal. Although the government argued the waiver issue in its opening brief, it conceded at oral argument and confirmed in an "Informative Motion" submitted the following day that the waiver of appeal language in the plea agreement did not conform to the understanding of the parties. For that reason, the government withdrew its waiver of appeal argument.

points added.  The Sentencing Guidelines further define a prior sentence as "a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense."  U.S.S.G. § 4A1.2 cmt. n.1 (emphasis added).  In light of this provision, Guadalupe argues that the conduct leading to his 1998 and 1999 weapons convictions was part of the conduct comprising the instant conspiracy and should not have been included in his criminal history calculation.

Guadalupe contends that the district court should have held an evidentiary hearing to consider the testimony of cooperating government witnesses Diaz and Cuadrado, who he claims would testify that his weapons violations in 1998 and 1999 were part of the instant conspiracy.  The inclusion of the 1998 and 1999 weapons convictions made a substantial difference in the calculation of Guadalupe's criminal history.  Without those two offenses, Guadalupe would have had only three criminal history points, rather than the eight that the district court included in its calculation.  This would have resulted in a criminal history category of II, and pursuant to the plea agreement, the government would have recommended a sentence of only 168 months rather than the 222 months that the court imposed. Before the district court, Guadalupe made this assertion in his objection to the PSR and attached Spanish language notes from law enforcement interviews with these witnesses.  We review the district court's decision to

deny an evidentiary hearing at sentencing for abuse of discretion. See United States v. McAndrews, 12 F.3d 273, 279 (1st Cir. 1993).

There may be circumstances in which a court should hear evidence regarding a prior conviction to determine whether the conduct underlying that conviction is part of the instant offense. However, under the circumstances present here, we cannot conclude that the district court abused its discretion in refusing to hear testimony from Diaz and Cuadrado. Guadalupe offered no evidence to indicate that these witnesses would testify that his prior convictions were part of the instant conspiracy.[4] His motion objecting to the PSR contained the bare allegation that these witnesses would testify that the conspiracy began before the 2001 date alleged in the indictment. At the sentencing hearing, Guadalupe's counsel argued that the "indictment doesn't control the scope" of the conspiracy and stated that Guadalupe would testify that he entered the conspiracy in February 1998. However, counsel did not even mention Cuadrado by name at the hearing, and mentioned

---

[4] As noted, the law enforcement interview notes that Guadalupe attached to his objection to the PSR were in Spanish and were unaccompanied by English translations. Federal litigation in Puerto Rico must be conducted in English, 48 U.S.C. § 864, and, "[w]hen a district court accepts foreign-language documents without the required English translations, an appellate court cannot consider the untranslated documents on appeal." Dávila v. Corporacion de P.R. para la Difusion Publica, ___ F.3d ___, 2007 WL 2253531, at *2 (1st Cir. Aug. 7, 2007); Fed. R. App. P. 10. Thus, even though the government submitted translations of the notes on appeal, we cannot consider them. Guadalupe offers no explanation for his omission of translations before the district court.

Diaz only to state that she would testify that Guadalupe's 2002 marijuana conviction was part of the instant conspiracy.

In short, there was no evidence to support counsel's bare allegations that testimony from Diaz and Cuadrado would reveal that Guadalupe's prior weapons convictions stemmed from conduct that was part of the instant conspiracy. Thus, we conclude that the district court did not abuse its discretion in declining to hold an evidentiary hearing.

## B. Juvenile Record

Guadalupe also argues that the district court improperly relied on his confidential juvenile record in sentencing him without sufficiently disclosing the content of that record to him, in violation of Federal Rule of Criminal Procedure 32. We review de novo a district court's compliance with Rule 32. See, e.g., United States v. Baldrich, 471 F.3d 1110, 1112 (9th Cir. 2006). If an error occurred, we will remand for resentencing if that error was not harmless. See, e.g., United States v. Hamad, ___ F.3d ___; 2007 WL 2049867, at *9 (6th Cir. July 19, 2007) (applying harmless error review after finding a violation of Rule 32).

A federal court may consider an offender's juvenile record in determining a sentence. See United States v. Gonzalez-Arimont, 268 F.3d 8, 15 (1st Cir. 2001). The Sentencing Guidelines provide, inter alia, that the sentencing court should

> (A) add 2 points . . . for each adult or
> juvenile sentence to confinement of at least

> sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense;
>
> (B) add 1 point . . . for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).

U.S.S.G. § 4A1.2(d)(2). Thus, it was proper for the district court to include Guadalupe's juvenile record in its criminal history calculation.

Under the Puerto Rico Rules of Procedure for Minors' Matters, however, juvenile records must be sealed, and access to them is strictly limited. See P.R. Laws Ann. tit. 34, § 2237(d). Such confidential information, if used in federal sentencing, is subject to certain procedural requirements. Federal Rule of Criminal Procedure 32 states that a PSR "must exclude . . . any sources of information obtained upon a promise of confidentiality." Fed. R. Crim. P. 32(d)(3). However, Rule 32 also states that at sentencing the court "must give to the defendant and an attorney for the government a written summary of — or summarize in camera — any information excluded from the presentence report under Rule 32(d)(3) on which the court will rely in sentencing, and give them a reasonable opportunity to comment on that information." Fed. R. Crim. P. 32(i)(1)(B).

Regarding Guadalupe's juvenile conviction, the PSR stated, in full:

> The Court has received information regarding this defendant's prior juvenile record under the promise of confidentiality and non-disclosure pursuant to a local court order. As such, complete disclosure of the subject information, which under [sections 4A1.2(d)(2)(B) and (a)(2) of the Sentencing Guidelines] affects the computation of his criminal history category is withheld.

Then, at the sentencing hearing, the district court stated that it "has received information that is confidential about this defendant's prior criminal record . . . . This will also be considered." Guadalupe's counsel objected, stating: "I am counsel and I should have that information available . . . . If you're going to consider it, we should have an opportunity to examine it or rebut it." The court responded: "I don't think it would change anything, counsel. It says that -- it was two counts of violation of the weapons law. So that's it. And this will go on the record. So I will consider that in my sentencing."

On appeal, the government contends, as a preliminary matter, that Guadalupe did not preserve his challenge to the district court's reliance on the confidential information. It argues that, although defense counsel objected at sentencing to the district court's failure to disclose the details of Guadalupe's juvenile record to her, she did not object to the one point that was assessed for Guadalupe's juvenile record, either in his objection to the PSR or at sentencing. We need not resolve this issue, however, because even if the challenge was properly

preserved, the court's error in not disclosing the content of Guadalupe's juvenile record was harmless.

The Supreme Court has explained that the purpose of Rule 32 is to ensure "focused, adversarial development of the factual and legal issues relevant to determining the appropriate Guidelines sentence." Burns v. United States, 501 U.S. 129, 134 (1991). It is essential to this adversarial process that the court provide the defendant with all information related to his sentence on which the court intends to rely so that the defendant has adequate opportunity to contest any inaccuracies or present other relevant factors. See, e.g., Baldrich, 471 F.3d at 1114 (explaining that Rule 32 requires that "all facts relevant to the defendant's sentence be provided to the defendant for adversarial testing"); United States v. Pabon-Cruz, 321 F. Supp. 2d 570, 573 (S.D.N.Y. 2003)("[T]he process of disclosure, comment, and judicial ruling provided by Rules 32(e)-(i) is more than adequate to address any inaccuracy in the PSR. . . . Rule 32 specifically requires the Court to disclose to the defendant any information that the Court will rely on that is not in the PSR . . . ."). Given this underlying policy rationale, the initial question in determining compliance with Rule 32 is whether the court has provided the defendant with enough information to allow the defendant to have a "reasonable opportunity to comment" on that information. Fed. R. Crim. P. 32(i)(1)(B).

Ensuring a "reasonable opportunity to comment" requires the court to give more information to defense counsel than the cursory statement the district court provided here, which merely informed counsel that Guadalupe's juvenile record involved two counts of violations of the weapons laws. See, e.g., Hamad, 2007 WL 2049867, at *8 ("Because the summary did not refer to any specific incident or name its source(s), it did not give [the defendant] a 'reasonable opportunity' to rebut the information or otherwise question its accuracy."). Puerto Rico law indicates that a defendant may have access to the confidential information on which the district court relied in this case, see P.R. Laws Ann. tit. 34, § 2237(d), and federal law makes clear that the court should provide that information to the defendant, see Fed. R. Crim. P. 32(i)(1)(B).[5] Moreover, given that the primary purpose of the Puerto Rico Rules of Procedure for Minors' Matters is to protect the privacy of juvenile offenders, there was no pragmatic reason for the court to withhold Guadalupe's records from him and his counsel. In light of these statutory provisions and the policy

---

[5] The government's argument that Guadalupe's counsel should have obtained the juvenile records herself is unavailing. The Rules of Procedure for Minors' Matters do provide that juvenile records "will be accessible for inspection by the minor's legal counsel after being duly identified and in the place designated for it." P.R. Laws Ann. tit. 34, § 2237(d). However, Rule 32 requires that the court provide the defendant with a written summary of the confidential information before it, and there is no exception to this requirement simply because the defendant may have alternative avenues of obtaining the confidential information.

underlying them, the district court erred in failing to give Guadalupe a summary of the information contained in his juvenile record.

Despite this error, the court's partial disclosure, under the circumstances of this case, was harmless because Guadalupe still had a sufficient basis for disputing the violations. Guadalupe's submissions indicate that he in fact had substantial familiarity with his own criminal history. His reply brief acknowledges that he and his attorney "were aware of his juvenile criminal record to some extent" and that "his actions as a juvenile were encompassed in the conspiracy for which he was found guilty." Guadalupe thus knew enough about his juvenile history to argue to the district court that this history should not be included as a separate offense in his sentencing. In light of this conceded knowledge, we see no reason to believe that the court's failure to offer a full explanation of Guadalupe's juvenile record impaired his ability to contest the court's reliance on that record in its sentencing. See Hamad, 2007 WL 2049867, at **9-10. Thus, the district court's failure to disclose this information to Guadalupe was harmless.[6]

---

[6] The government also argues that any error was harmless because even if Guadalupe's juvenile conviction was removed from the criminal history calculation, he would still have seven criminal history points, which would still result in a criminal history category of IV. Thus, there would be no difference in the applicable sentencing range. However, having resolved the harmless error question on other grounds, we need not address this alternate

-14-

**III.**

We conclude that the district court did not abuse its discretion in declining to hold an evidentiary hearing for the testimony of cooperating government witnesses regarding the date of inception of the conspiracy. We further conclude that the deficiency in the information the court disclosed to Guadalupe and his counsel regarding his juvenile record was harmless error. Thus, we **affirm** Guadalupe's sentence.

**So ordered.**

---

rationale.