**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
   *Plaintiff-Appellee,*

v.

MARIO JOSEPH BALDRICH,
   *Defendant-Appellant.*

No. 05-50676

D.C. No.
CR-05-00129-SJO

OPINION

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted
October 23, 2006—Pasadena, California

Filed December 27, 2006

Before: A. Wallace Tashima, Carlos T. Bea, and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Ikuta

19981

**COUNSEL**

Maria E. Stratton, Federal Public Defender; Davina T. Chen, Deputy Federal Public Defender, Los Angeles, California, for the appellant.

Debra Wong Yang, United States Attorney; Thomas P. O'Brien, Lamar W. Baker, Assistant United States Attorneys, Los Angeles, California, for the appellee.

**OPINION**

IKUTA, Circuit Judge:

Mario Baldrich pleaded guilty to five counts of bank robbery and one count of attempted bank robbery in violation of 18 U.S.C. § 2113(a). At sentencing, the district court denied Baldrich's request for disclosure of the United States probation officer's confidential sentencing recommendation as allowed by Rule 32(e)(3) of the Federal Rules of Criminal Procedure. The district court also rejected Baldrich's argument that he was entitled to a reduction in his offense level

under section 3E1.1(b) of the United States Sentencing Guidelines.

On appeal, Baldrich raises two challenges to these rulings. First, he argues that the district court violated his right to due process at sentencing by denying his motion to disclose the probation officer's confidential sentencing recommendation. By the same token, Baldrich argues that Rule 32(e)(3) of the Federal Rules of Criminal Procedure is unconstitutional to the extent it allows the court to withhold the recommendation. Second, he argues that the district court's denial of his motion to reduce his offense level under section 3E1.1(b) of the Sentencing Guidelines violated his constitutional rights to proceed to trial and to effective assistance of counsel.

We reject Baldrich's first argument because the district court's compliance with Rule 32's requirement to disclose factual information relied on in sentencing satisfies the defendant's due process rights. *See United States v. Gonzales*, 765 F.2d 1393, 1398-99 (9th Cir. 1985). We reject Baldrich's second argument because the incentive provided by section 3E1.1(b) to plead guilty in a timely manner did not violate Baldrich's constitutional rights. *See United States v. Espinoza-Cano*, 456 F.3d 1126, 1137-38 (9th Cir. 2006).

## BACKGROUND

On January 12, 2005, Mario Baldrich was arrested and subsequently charged with seven counts of bank robbery and two counts of attempted bank robbery all in violation of 18 U.S.C. § 2113(a). During the three months after Baldrich was indicted, Baldrich and the government discussed a possible plea agreement. Baldrich ultimately declined the government's offer, but on May 23, 2005, the day before trial, Baldrich notified the government and the district court of his intention to plead guilty to six of the nine counts without the benefit of a plea agreement. The district court accepted his plea the next day.

Before the August 22, 2005 sentencing hearing, the parties received the United States probation officer's presentence report. The presentence report recommended a reduction of the defendant's offense level by two levels pursuant to section 3E1.1(a), but did not recommend the third one-level reduction under section 3E1.1(b) because the government had not moved for the reduction.[1] In addition, the probation officer submitted her confidential sentencing recommendation to the district court under seal. The district court denied Baldrich's motion to disclose the confidential recommendation.

At sentencing, the district court disclosed that the probation officer had recommended a sentence of 162 months, the high end of the range, because the probation officer believed that Baldrich was "a danger." However, the district court stated it did not intend to follow this recommendation. The district court also ruled that Baldrich was not eligible for the offense-level reduction under section 3E1.1(b) because Baldrich had not provided timely notice of his intent to enter a guilty plea, and the district court and government had dedicated significant resources in preparation for trial. The court then sentenced Baldrich to 144 months in prison, a three-year period of supervised release, $20,906 in restitution, and a $600 special assessment. After imposition of the sentence, the district

---

[1]Section 3E1.1 of the applicable Sentencing Guidelines provides:

(a)   If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by **2** levels.

(b)   If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level **16** or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by **1** additional level.

U.S. Sentencing Guidelines Manual § 3E1.1 (2004) (emphasis in original).

court dismissed the remaining three counts against Baldrich on the government's motion.

After judgment, Baldrich filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## STANDARDS OF REVIEW

We review de novo a district court's compliance with Rule 32 of the Federal Rules of Criminal Procedure. *United States v. Thomas*, 355 F.3d 1191, 1194 (9th Cir. 2004). A challenge to the constitutionality of the Federal Rules of Criminal Procedure is also subject to de novo review. *See Doe v. Rumsfeld*, 435 F.3d 980, 984 (9th Cir. 2006).

Although the Sentencing Guidelines are now effectively advisory, we "continue to address challenges to a district court's interpretation and application of the Guidelines" because the district court has a continuing duty to calculate the Guidelines range accurately. *United States v. Cantrell*, 433 F.3d 1269, 1278 (9th Cir. 2006). " '[W]hether the district court misapprehended the law with respect to the acceptance of responsibility reduction' [under the Guidelines] is reviewed de novo," *Espinoza-Cano*, 456 F.3d at 1130 (quoting *United States v. Cortes*, 229 F.3d 1030, 1037 (9th Cir. 2002)), as are attacks on the constitutionality of a provision of the Sentencing Guidelines, *United States v. Leasure*, 319 F.3d 1092, 1096 (9th Cir. 2003).

## DISCUSSION

1. The Probation Officer's Confidential Sentencing Recommendation

Baldrich asserts that his right to due process at sentencing was violated by the district court's failure to disclose to him the probation officer's confidential sentencing recommenda-

tion. According to Baldrich, the district court had to produce the recommendation, summarize it, or "expressly disclaim reliance" on it in order to avoid this violation. Baldrich also asserts that Rule 32(e)(3) of the Federal Rules of Criminal Procedure is unconstitutional to the extent it allows withholding of any facts, analysis, or opinions contained in the sentencing recommendation.[2]

We rejected a similar due process argument in *United States v. Gonzales*, 765 F.2d 1393, 1399 (9th Cir. 1985). In that case, the defendant argued that due process entitled him to investigate the substance of oral ex parte communications between the court, the sentencing council (consisting of other judges), and the parole officer, through an evidentiary hearing. *Id.* at 1398. We disagreed because the defendant had received all underlying factual information as required by Rule 32.

**[1]** We began our analysis by "observ[ing] that rule 32 expressly provides that the district court may withhold the recommendation portion of the presentence report from the defendant, provided that if the court relies on any factual information in that portion, the defendant must be provided with a summary of such factual information." *Id.* (citing to an older version of Rule 32). We then analogized the oral communications received by the district court to the written confidential sentencing communications discussed in Rule 32 stating,

> [a]lthough rule 32[ ] does not mention oral communication, there is no question but that the spirit of the

---

[2]Subsection (e)(3) of Rule 32 of the Federal Rules of Criminal Procedure states:

> Sentence Recommendation. By local rule or by order in a case, the court may direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence.

> rule would be violated if the probation officer related facts orally to the district court, on which it relied and which were not disclosed. Thus, if the district court received any additional factual information, it would have to disclose it to the defendant.

*Id.* (citation omitted). Applying these principles, we noted that the defendant had reviewed the presentence report and that the district court had specifically stated "that all facts on which [it] relied had been disclosed." *Id.* Absent any evidence that the ex parte communications resulted in the district court considering undisclosed or improper facts, we concluded that the district court did not abuse its discretion in refusing to order an evidentiary hearing. *Id.* at 1399.

**[2]** Our conclusion—that compliance with Rule 32's requirement to disclose factual information satisfies due process—covers a probation officer's written recommendations as well as ex parte oral communications. This holding is in conformance with rulings in several other circuits. *See United States v. Kalady,* 941 F.2d 1090, 1096-97 (10th Cir. 1991); *United States v. Heilprin*, 910 F.2d 471, 474 (7th Cir. 1990); *United States v. Headspeth*, 852 F.2d 753, 755 (4th Cir. 1988), *overruled on other grounds by Taylor v. United States*, 495 U.S. 575, 580 n.2 (1990).

The structure of Rule 32 has been modified several times after our decision in *Gonzales*, but these changes do not affect our conclusion. *Gonzales* interpreted an earlier version of Rule 32 as requiring the district court to provide the defendant with a summary of factual information contained in the confidential sentencing recommendation. *See* FED. R. CRIM. P. 32(c)(3)(A) and (B), 18 U.S.C. Appendix (Supp. II 1983). After several subsequent reorganizations of Rule 32, the court's duty to summarize facts underlying excluded portions of the presentence report is no longer directly applicable to the sentencing recommendation. *Compare* FED. R. CRIM. P. 32(c)(3)(A) and (B), 18 U.S.C. Appendix (Supp. II 1983) *with*

FED. R. CRIM. P. 32(b)(5), (b)(6)(A), and (c)(3)(A) (West 1995) *and* FED. R. CRIM. P. 32(e)(3) (West 2003) *and* FED. R. CRIM. P. 32(e)(3) (West 2005).

Nevertheless, Rule 32 continues to require the disclosure of all relevant factual information to the defendant. In an extended discussion of the purpose and structure of Rule 32, the Supreme Court stated that Rule 32 "provides for focused, adversarial development of the factual and legal issues relevant to determining the appropriate Guidelines sentence. Rule 32 frames these issues by directing the probation officer to prepare a presentence report addressing all matters germane to the defendant's sentence." *Burns v. United States*, 501 U.S. 129, 134 (1991). The Court further noted the extensive scope of the presentence report, which must include:

> (a) information about the history and characteristics of the defendant, including his prior criminal record; (b) the classification of the offense and the defendant under the Sentencing Guidelines, possible sentencing ranges, and any factors that might warrant departure from the Guidelines; (c) any pertinent policy statements issued by the Sentencing Commission; (d) the impact of the defendant's offense upon any victims; (e) information relating to possible sentences not requiring incarceration, unless the court orders otherwise; and (f) any other information requested by the court.

*Id.* at 134 n.2. This comprehensive report must be disclosed to the parties, "whom the Guidelines contemplate will then be afforded an opportunity to file responses or objections with the district court." *Id*. at 134. Finally, Rule 32 mandates that counsel for the defendant has "an opportunity to comment upon the probation officer's determination and on other matters relating to the appropriate sentence." *Id*. (quotations omitted). Although certain types of information that could result in harm to the defendant or third parties may be excluded

from the presentence report, the district court must provide a summary of such excluded information to the defendant at sentencing. *See* FED. R. CRIM. P. 32(i)(1)(B).

**[3]** In light of its purpose and structure, Rule 32's requirement that all facts relevant to the defendant's sentence be provided to the defendant for adversarial testing clearly extends to the factual information underlying a probation officer's confidential sentencing recommendation, even though the recommendation itself need not be disclosed. Under *Gonzales*, compliance with these Rule 32 disclosure requirements satisfies due process.

**[4]** In order to determine whether the district court complied with Rule 32's disclosure requirements in Baldrich's case, we have reviewed the confidential sentencing recommendation submitted to the district court. We have determined that all of the facts in the confidential sentencing recommendation were discussed in the presentence report or in open court at the sentencing hearing. Therefore, the district court's decision not to disclose the confidential recommendation to Baldrich did not violate Rule 32 or Baldrich's due process rights.[3]

**[5]** We also reject Baldrich's argument that the district court must disclose the probation officer's confidential analysis and opinions. The Supreme Court has previously considered the non-disclosure of presentence reports and has not adopted any constitutional requirement that extends beyond the factual disclosure that Rule 32 already requires. *See, e.g.*, *Gardner v. Florida*, 430 U.S. 349, 358-62 (1977); *Williams v. New York*, 337 U.S. 241, 251-52 (1949).

---

[3]Because we uphold the district court's nondisclosure of the probation officer's sentencing recommendation, there is no need to consider Baldrich's request for a new judge on remand.

### 2. The Section 3E1.1(b) Third-level Reduction

**[6]** Baldrich contends that U.S. Sentencing Guidelines Manual section 3E1.1(b) is unconstitutional because it penalizes defendants for exercising their constitutional right to go to trial and deprives defendants of the right to effective assistance of counsel. Section 3E1.1(b) permits a court to reduce a defendant's offense level by one level upon a motion by the government which states "that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." U.S. Sentencing Guidelines Manual § 3E1.1(b) (2004).

**[7]** After the parties submitted briefing on this matter, this court decided *United States v. Espinoza-Cano*, 456 F.3d 1126 (9th Cir. 2006). In that case, we rejected the argument that section 3E1.1(b) violated a defendant's constitutional rights by requiring a defendant to waive the right to proceed to trial in order to obtain the offense-level reduction. *Id.* at 1137-38. We noted that " '[n]ot every burden on the exercise of a constitutional right, and not every pressure or encouragement to waive such a right, is invalid.' " *Id.* at 1138 (quoting *Corbitt v. New Jersey*, 439 U.S. 212, 218 (1978)). This decision eliminates Baldrich's identical argument.

**[8]** Although the defendant in *Espinoza-Cano* did not challenge section 3E1.1(b) on the ground that it violated his right to effective assistance of counsel, this argument similarly fails. A requirement that a defendant plead guilty in a "timely" manner in order to receive the reduction allowed by section 3E1.1(b) does not bar effective assistance of counsel. A defendant could receive "a reasonable opportunity to employ and consult with counsel," *Chandler v. Fretag*, 348 U.S. 3, 10 (1954), and still plead in time to receive the reduction. In this case, for example, Baldrich had four months between his

arrest and the expiration of the government's offer in which to consult with his counsel.

**[9]** In *Espinoza-Cano*, we established a standard for review of the government's decision not to move for the additional reduction, namely that " 'the government cannot refuse to file . . . a motion on the basis of an unconstitutional motive (e.g., racial discrimination), or arbitrarily (i.e., for reasons not rationally related to any legitimate governmental interest).' " *Espinoza-Cano*, 456 F.3d at 1136 (quoting *United States v. Murphy*, 65 F.3d 758, 762 (9th Cir. 1995)). Baldrich does not contend that there was any improper motive in this case nor is there evidence of one. Rather, the record is clear that Baldrich waited until the day before trial to change his plea, and the district court noted that it, as well as the government, had expended significant time and energy preparing for trial due to Baldrich's failure to inform the court of his intention to plead guilty in a timely manner. Therefore, Baldrich was not entitled to the reduction by the terms of section 3E1.1(b).

**AFFIRMED**.