**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Noel Deguzman SEGUI, Defendant–
Appellant.**

No. 06–50364.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 24, 2007.

Filed Oct. 5, 2007.

Becky S. Walker, Esq., Office of the U.S. Attorney, Criminal Division, Anne M. Voigts, Esq., United States Attorney Asst U.S. Attorney, Narcotics Section, Los Angeles, CA, for Plaintiff–Appellee.

Kathryn A. Young, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: T.G. NELSON, IKUTA, and N.R. SMITH, Circuit Judges.

\* This disposition is not appropriate for publication and is not precedent except as provided

MEMORANDUM \*

Defendant, Noel Deguzman Segui, appeals from the sentence imposed after he pled guilty to Possession of Stolen Mail in violation of 18 U.S.C. § 1708, and Aiding and Abetting in violation of 18 U.S.C. § 2(a). We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

The district court correctly found that the Government did not breach the plea agreement. *See United States v. Allen,* 434 F.3d 1166, 1175 (9th Cir.2006); *United States v. Maldonado,* 215 F.3d 1046, 1052 (9th Cir.2000).

The two-level increase in offense level resulting from the district court's loss determination is not "extremely disproportionate" and does not, therefore, warrant application of the clear and convincing evidence standard. *See United States v. Johansson,* 249 F.3d 848, 856 (9th Cir.2001) (finding a four-level increase to not be extremely disproportionate).

The district court's determination of loss was a reasonable estimate based on the evidence before it. *See* U.S.S.G. § 2B1.1, cmt. n.3(C) ("The court need only make a reasonable estimate of the loss.").

Assuming that Segui did not waive his restitution challenge, his challenge still fails because the district court's factual determination regarding the amount of restitution was not clearly erroneous. *See United States v. Berger,* 473 F.3d 1080, 1104 (9th Cir.2007) (factual findings supporting order of restitution reviewed for clear error).

The sentence imposed by the district court was reasonable under *United States v. Booker,* 543 U.S. 220, 261, 125 S.Ct. 738,

by 9th Cir. R. 36–3.

160 L.Ed.2d 621 (2005). The sentence reflects proper application of the sentencing guidelines and is within the guidelines range. Applying a "presumption of reasonableness," we cannot say that the district court abused its discretion. *See Rita v. United States,* — U.S. —, 127 S.Ct. 2456, 2462, 2465, 168 L.Ed.2d 203 (2007).

Although the district court failed to comply with Rule 32(i)(1)(A)'s verification requirement, Segui was not prejudiced by this failure and is not, therefore, entitled to relief. *See United States v. Davila–Escovedo,* 36 F.3d 840, 844 (9th Cir.1994).

Segui's objections to the supervised release recommendations were not "controverted matters," and the district court did not violation Rule 32(i)(3)(B) by not explicitly addressing them. *See United States v. Baldrich,* 471 F.3d 1110, 1114 (9th Cir. 2006); *United States v. Lindholm,* 24 F.3d 1078, 1085 n. 7 (9th Cir.1994).

Segui's assertions regarding paragraphs eight through fifteen of the Presentence Report did not challenge the accuracy of the information contained in the paragraphs and did not, therefore, raise a "controverted matter" within the meaning of Rule 32(i)(3)(B) that the district court was required to resolve or otherwise address. *See* Fed.R.Crim.P. 32(i)(3)(B).

The process used by the district court at the sentencing hearing of allowing Segui the opportunity to make a statement before the end of sentencing but after the court had announced its tentative conclusions on sentencing did not deny Segui of his right of allocution. *See United States v. Laverne,* 963 F.2d 235, 237 (9th Cir. 1992).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

The district court's imposition of a requirement that Segui report to his probation office if he reenters the United States after being deported did not violate Segui's rights under the Fifth Amendment. *See United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 772–73 (9th Cir.2006).

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.