**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Douglas Enrique LOPEZ–VIVAS,**
**Defendant—Appellant.**

**No. 05–50835.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 2008.*

Filed July 16, 2008.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Kevin Scott Rosenberg, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Kathryn A. Young, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: FERNANDEZ, RYMER, and KLEINFELD, Circuit Judges.

## MEMORANDUM **

Douglas Enrique Lopez–Vivas ("Lopez–Vivas") appeals the sentence imposed following his conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. We affirm.

### I

Lopez–Vivas's argument that the enhancement provisions of 8 U.S.C. § 1326 are unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is, as he concedes, foreclosed by this court's decisions. *See United States v. Velasquez–Reyes,* 427 F.3d 1227, 1229 (9th Cir.2005) (citing *United States v. Pacheco–Zepeda,* 234 F.3d 411, 415 (9th Cir.2001)). As he further concedes, his argument that U.S.S.G. § 3E1.1(b) is unconstitutional is also foreclosed. *United States v. Baldrich,* 471 F.3d 1110, 1115 (9th Cir.2006); *United States v. Espinoza–Cano,* 456 F.3d 1126, 1136 (9th Cir.2006).

### II

Lopez–Vivas argues that his sentence should be reversed because the district court did not consider—or adequately consider—the 18 U.S.C. § 3553(a) factors, and because his sentence is unreasonable. The record reflects, however, that the district court correctly calculated the advisory Guidelines range, considered the § 3553(a) factors, weighed mitigating and aggravating circumstances, and imposed a

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

reasonable sentence. *See United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir.2008) (en banc). His argument that the advisory Guidelines range was unreasonable due to so called "double counting" was rejected in *United States v. Luna–Herrera*, 149 F.3d 1054, 1056 (9th Cir.1998). His contention that the district court should have explained why out of all the possible sentences, 51 months was the only reasonable sentence is meritless. *See United States v. Maciel–Vasquez*, 458 F.3d 994, 995 (9th Cir.2006) ("[N]either *Booker* nor our circuit precedent impose any requirement that the district court state why it chose a particular sentence rather than other potential sentences."). Finally, Lopez–Vivas's argument that the district court should have compared his sentence to sentences imposed on those charged under the fast-track program also fails. *See United States v. Banuelos–Rodriguez*, 215 F.3d 969, 978 (9th Cir.2000) (en banc).

### III

■ Lopez–Vivas contends that the district court committed plain error by imposing a drug testing release condition without specifying a maximum testing frequency. A showing of plain error is required because he did not challenge the release condition before the district court. *See Maciel–Vasquez*, 458 F.3d at 996 n. 3. Although the district court erred in this regard, *see United States v. Stephens*, 424 F.3d 876, 882–83 (9th Cir.2005), the error was not plain because any "prejudice caused by the district court's decision to impose this condition did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings." *Maciel–Vasquez*, 458 F.3d at 996.

Finally, Lopez–Vivas argues that the district court erred by imposing as a condition of supervised release that he report to the Probation Office upon release from prison or reentry into the United States. As he concedes, however, this argument is foreclosed by *United States v. Rodriguez–Rodriguez*, 441 F.3d 767, 772 (9th Cir. 2006).

AFFIRMED.