**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JEFFREY WHITLOCK,
          *Defendant-Appellant.*

No. 10-30124

D.C. No.
1:03-cr-00165-EJL-1

OPINION

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted
January 12, 2011—Seattle, Washington

Filed April 28, 2011

Before: Susan P. Graber, Raymond C. Fisher and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Fisher

**COUNSEL**

Dennis M. Charney, Charney & Associates, PLLC, Eagle, Idaho, for the defendant-appellant.

Aaron N. Lucoff, Assistant United States Attorney, Boise, Idaho, for the plaintiff-appellee.

**OPINION**

FISHER, Circuit Judge:

We held in *United States v. Leonard*, 483 F.3d 635, 638-39 (9th Cir. 2007), that "sentencing procedures for probation and supervised release violations are *primarily* governed by Rule 32.1 of the Federal Rules of Criminal Procedure, not Rule 32." (Emphasis added.) This case presents a situation where Rule 32.1 does not speak to the particular question at issue — whether probation officers' sentencing recommendations following the revocation of supervised release must be disclosed. We conclude that Rule 32(e)(3) logically fills in the gap. Therefore, like post-conviction sentencing recommendations, post-revocation sentencing recommendations must be disclosed unless the district court directs otherwise "[b]y local rule or by order in a case." Fed. R. Crim. P. 32(e)(3). Accordingly, *United States v. Baldrich*, 471 F.3d 1110 (9th Cir. 2006), applies here. We hold that the district court complied with *Baldrich*'s requirement that the court disclose any factual information in the confidential recommendation on which it

relied in sentencing. *See id.* at 1113-14. We further hold that Rule 32(e)(3) and its implementing local counterpart, District of Idaho Local Criminal Rule 32.1, comport with the Equal Protection Clause, so there was no violation of Whitlock's constitutional rights.

## Background

In October 2003, Jeffrey Whitlock pled guilty to possession of a controlled substance under 21 U.S.C. § 844(a), unlawful possession of a firearm under 18 U.S.C. § 922(g)(3) and unlawful acquisition of a firearm under 18 U.S.C. § 924(a)(1)(A) and 18 U.S.C. § 2. He was sentenced to 60 months of incarceration to be followed by a three-year term of supervised release. Whitlock began supervised release on November 7, 2007. While under federal supervision, he was arrested and charged in Ada County, Idaho, for a number of state offenses. Having been convicted on some of those charges, Whitlock is currently serving time in the Ada County jail.

In light of Whitlock's arrests and convictions, the government petitioned the district court to revoke his federal supervised release. Before the revocation hearing, the probation office provided a violation of supervised release report (SRR) to Whitlock, the government and the district court. The SRR calculated Whitlock's sentencing guidelines range at six to 12 months. The SRR did not contain the probation officer's sentencing recommendation, which was submitted separately to the court. Whitlock did not object to the SRR, and at the revocation hearing he admitted to violating his supervised release by using methamphetamine, being convicted of domestic violence and driving under the influence.

The parties agreed that a six-month sentence, at the low end of the applicable range, was appropriate, but submitted to the district court the question whether that sentence should be served concurrently with or consecutively to Whitlock's state

sentence. Before making a sentencing argument, Whitlock's counsel asked the district court to release the probation officer's sentencing recommendation and to continue the hearing until he could consider those comments. The district court denied the request, explaining:

> [T]hat is the case in every case with this Court. I don't know about the other judges, but I do not require that to be disclosed to either the Government and/or the Defense so that the probation people can advise the Court as to what their feelings are. Many times we have the Defendant released to supervision, and if some of those recommendations are made privy to the Defendant, it just gets them off to the wrong start.
>
> I rest on what my comments are in Court as to why I sentence a person either to probation or to a sentence of incarceration, not on a recommendation of a probation officer.

The district court ultimately revoked Whitlock's supervised release and sentenced him to six months in prison, with three months to run concurrently with his state sentence and the remaining three months to run consecutively, followed by 30 months' supervised release.

Whitlock appeals the denial of his request to review the probation officer's sentencing recommendation. He argues that Federal Rule of Criminal Procedure 32(e)(3), which permits district courts to refuse to disclose probation officers' sentencing recommendations, and its implementing local counterpart, District of Idaho Local Criminal Rule 32.1, violate equal protection. The government counters that Federal Rule of Criminal Procedure 32(e)(3) has no application here and thus Whitlock's equal protection challenge is moot except as to Local Criminal Rule 32.1. We disagree that Rule 32 has no application to Whitlock's revocation sentencing hearing,

but hold that Rule 32(e)(3), as well as District of Idaho Local Criminal Rule 32.1, comport with equal protection.

## Jurisdiction and Standard of Review

We have jurisdiction over Whitlock's appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. *See United States v. Huerta-Pimental*, 445 F.3d 1220, 1222 (9th Cir. 2006). We review de novo a challenge to the constitutionality of the Federal Rules of Criminal Procedure, as well as a district court's compliance with Rule 32. *See Baldrich*, 471 F.3d at 1112. We are not persuaded by the government's argument that we should review only for plain error because Whitlock failed to preserve his objection. Whitlock's counsel expressly asked the district court to disclose the probation officer's sentencing recommendation, and when the district court refused, counsel stated "for the record" that although he would like to review the recommendation before proceeding with argument, he would go forward without it given the court's denial of his request. This colloquy was sufficient to preserve Whitlock's objection for appeal.

## Discussion

## I. The Relationship Between
## Federal Rules of Criminal Procedure 32 and 32.1

**[1]** Whitlock argues that Federal Rule of Criminal Procedure 32(e)(3) and its implementing local rule, District of Idaho Local Criminal Rule 32.1, violate equal protection. Rule 32(e)(3) states:

> (e) Disclosing the Report and Recommendation.
>
> . . .
>
> (3) Sentence Recommendation. By local rule or by order in a case, the court may direct the probation

officer not to disclose to anyone other than the court the officer's recommendation on the sentence.

The District of Idaho Local Criminal Rule 32.1 provides, in relevant part:

> (a) Presentence Report, Sentencing Recommendation and Confidentiality.
>
> . . .
>
> (2) In addition to the presentence report, the probation officer will submit a separate document entitled "Sentencing Recommendation" to the Court. The Sentencing Recommendation is for the benefit of the Court and will not be disclosed to the government, the defendant, or defendant's counsel or to any other person or party, unless authorized by the sentencing judge, as provided in subsection (3).
>
> (3) The Sentencing Recommendation may be disclosed to the government and defense counsel if authorized by the sentencing judge. Such authorization shall be communicated to the Chief United States Probation Officer in writing or electronically and shall specify whether the authorization applies to all of the individual sentencing judge's cases or to selected cases only. The sentencing judge may revoke the authorization at any time by so notifying the Chief United States Probation Officer in writing or electronically.
>
> . . .
>
> (5) Probation reports, violation of supervised release reports, and sentencing recommendations prepared for these reports are governed by these same provisions.

The government argues that Whitlock's revocation hearing was governed by Federal Rule of Criminal Procedure 32.1 rather than Rule 32, and therefore Whitlock's challenge to Rule 32(e)(3) is moot.[1] Rule 32.1 provides in relevant part:

(b) Revocation.

. . .

(2) Revocation Hearing. Unless waived by the person, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction. The person is entitled to:

(A) written notice of the alleged violation;

(B) disclosure of the evidence against the person;

(C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear;

(D) notice of the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and

(E) an opportunity to make a statement and present any information in mitigation.

As an initial matter, we must determine whether Rule 32(e)(3) applies to Whitlock's case. We conclude that it does.

---

[1]For ease of reference, Federal Rules of Criminal Procedure 32 and 32.1 will hereinafter be referred to as "Rule 32" and "Rule 32.1," and the District of Idaho Local Criminal Rule 32.1 will be referred to as "Local Rule 32.1."

In *United States v. Carper*, 24 F.3d 1157 (9th Cir. 1994), we held that even though Rule 32.1 did not expressly recognize the right to allocution at supervised release revocation sentencing hearings, the "provisions of Rule 32(a)(1)," which made the right to allocution mandatory at post-conviction sentencing hearings, also "appl[ied] to sentencing after revocation of supervised release." *Id.* at 1162. Rule 32.1 subsequently was amended, effectively codifying the holding in *Carper* by explicitly enumerating the right to allocution at supervised release revocation sentencing hearings. *See* Fed. R. Crim. P. 32.1(b)(2)(E).

**[2]** Following these amendments, we clarified in *Leonard* that "sentencing procedures for probation and supervised release violations are *primarily* governed by Rule 32.1 of the Federal Rules of Criminal Procedure, not Rule 32." 483 F.3d at 638-39 (emphasis added). We now conclude, as *Leonard* contemplated, that although Rule 32.1 "primarily" governs Whitlock's post-revocation sentencing, *id.*, to the extent Rule 32.1 is silent as to the disclosure requirements governing supervised release revocation sentencing recommendations, we may look to Rule 32(e)(3). Doing so, we conclude that, at base, the same regime governing disclosure of probation officers' sentencing recommendations should apply to both post-conviction and post-revocation sentencing. We thus proceed to the merits of Whitlock's challenge.

## II. Federal Rule of Criminal Procedure 32(e)(3) and District of Idaho Local Criminal Rule 32.1 Comport with Equal Protection

**[3]** Whitlock argues that Rule 32(e)(3) and its implementing Local Rule 32.1 violate equal protection. We disagree. His argument is foreclosed by *United States v. Baldrich*, 471 F.3d 1110, 1113-14 (9th Cir. 2006), which upheld the constitutionality of Rule 32(e)(3) in the face of a due process challenge. Whitlock makes essentially the same argument that our court rejected in *Baldrich*, but attempts to recast it in equal protec-

tion terms. As this court and the Supreme Court have recognized, however, and as Whitlock's argument demonstrates, "[i]n challenges to sentencing regimes, 'an argument based on equal protection essentially duplicates an argument based on due process.' " *United States v. Marcial-Santiago*, 447 F.3d 715, 719 n.5 (9th Cir. 2006) (quoting *Chapman v. United States*, 500 U.S. 453, 465 (1991)).

**[4]** Just as Whitlock does here, the Petitioner in *Baldrich* questioned whether it was constitutional for a district court to refuse to disclose a probation officer's sentencing recommendation. *See* 471 F.3d at 1113. We held that due process was satisfied when the probation officer's recommendation was kept confidential under Rule 32(e)(3) so long as any factual information in the recommendation that the court relied upon in sentencing was disclosed. *See id.* at 1113-14; *see also United States v. Gonzales*, 765 F.2d 1393, 1398 (9th Cir. 1985). We hold that the same result obtains here, and thus Whitlock's equal protection challenge to Rule 32(e)(3) and Local Rule 32.1 fails.

We would reach this result even without *Baldrich*. Whitlock's claim "involves neither a fundamental right nor a suspect class," and is therefore subject to rational basis review. *Nurre v. Whitehead*, 580 F.3d 1087, 1098-99 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 1937 (2010). Contrary to Whitlock's argument, there is no "classification" at issue here. Defendants are randomly assigned to district court judges. As Whitlock acknowledges, although the two district judges in the District of Idaho have different policies governing disclosure of probation officers' sentencing recommendations, both apply their policies to all the cases that come before them. Such random assignment cannot be understood to target a suspect class. Furthermore, neither prisoners nor "persons convicted of crimes" constitute a suspect class for equal protection purposes. *See Glauner v. Miller*, 184 F.3d 1053, 1054 (9th Cir. 1999) (per curiam) ("[P]risoners are not a suspect class . . . ."); *United States v. Litteral*, 910 F.2d 547, 552

(9th Cir. 1990) ("[P]ersons convicted of crimes are not a suspect class." (internal quotation marks omitted)).

In addition, there is no fundamental right to receive a probation officer's supervised release revocation sentencing recommendation; indeed, there is not even a fundamental right to receive parole consideration at all. *See Mayner v. Callahan*, 873 F.2d 1300, 1302 (9th Cir. 1989) ("[P]arole consideration is not a fundamental right requiring a higher level of scrutiny."); *see also Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (per curiam) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."); *United States v. Hall*, 419 F.3d 980, 985 n.4 (9th Cir. 2005) (explaining that the analyses of the rights afforded at parole and supervised release revocation hearings are "constitutionally indistinguishable").

**[5]** Because the rules Whitlock challenges neither burden a fundamental right nor target a suspect class, rational basis review applies and the rules are constitutional if they "bear[ ] a reasonable relationship to a legitimate governmental interest." *United States v. LeMay*, 260 F.3d 1018, 1031 (9th Cir. 2001). The district court identified two rational bases: First, confidentiality is maintained "so that the probation people can advise the Court as to what their feelings are." Second, "[m]any times we have the Defendant released to supervision, and if some of those recommendations are made privy to the Defendant, it just gets them off to the wrong start." Enhancing the effectiveness of probation officers who are overseeing persons on supervised release and fostering honest sentencing recommendations are both legitimate governmental interests that are served by keeping such recommendations confidential. Rule 32 and Local Rule 32.1 survive rational basis review.

## III.  The District Court Comported with the Rules

**[6]** Even if the rules themselves are constitutional, if the district court did not abide by them by providing Whitlock

with a summary of any factual information relied on in sentencing that did not appear in the SRR, that could constitute a due process violation. *See Baldrich*, 471 F.3d at 1114-15; *Gonzales*, 765 F.2d at 1398-99. As we did in *Baldrich*, "[i]n order to determine whether the district court complied with Rule 32's disclosure requirements in [this] case, we have reviewed the confidential sentencing recommendation submitted to the district court," and have determined that, with one possible exception, all facts in the confidential sentencing recommendation were discussed in the presentence report or in open court at the sentencing hearing. 471 F.3d at 1114-15.

**[7]** Assuming the district court did not disclose one fact, that omission does not rise to the level of a due process violation in this case. The court was not obligated to disclose evidence on which it did not rely. We held in *Gonzales* that a statement by a judge "that he had disclosed all the information *on which he relied*" was sufficient to demonstrate compliance under Rule 32. *See* 765 F.2d at 1398 (emphasis added). At the hearing, the district court specifically stated in response to Whitlock's request for disclosure of the confidential sentencing recommendation, "I rest on what my comments are in Court as to why I sentence a person either to probation or to a sentence of incarceration, not on a recommendation of a probation officer." Whitlock has "come forward with no evidence other than the challenged result to suggest that improper facts were considered." *Id.* at 1399. Furthermore, the challenged result is a sentence at the low end of the applicable range, and the district court ordered that half the sentence would run concurrently with Whitlock's state sentence despite the government's recommendation that the sentences run consecutively. Accordingly, we credit the district court's assurance that Whitlock's sentence rested only on facts it discussed at the hearing or that were disclosed in the SRR. There was no constitutional violation. *See Gonzales*, 765 F.2d at 1398-99.

## Conclusion

**[8]** The decision of the district court is affirmed. Rule 32(e)(3) and its implementing Local Rule 32.1 satisfy equal protection both facially and as applied.

**AFFIRMED.**