**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50430 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-02916-GT-1 |
| v. | |
| MAURICIO CASTILLO-CANSINO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Senior District Judge, Presiding

Submitted June 3, 2014[**]
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and ENGLAND, Chief District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Morrison C. England, Jr., Chief District Judge for the U.S. District Court for the Eastern District of California, sitting by designation.

1.   The district court did not plainly err by delaying Mauricio Castillo-Cansino's revocation sentencing.  Federal Rule of Criminal Procedure 32.1 "'primarily' governs . . . post-revocation sentencing[s]."  *United States v. Whitlock*, 639 F.3d 935, 940 (9th Cir. 2011) (quoting *United States v. Leonard*, 483 F.3d 635, 638-39 (9th Cir. 2006)).  Rule 32.1(b)(2) requires "the court [to] hold the revocation hearing within a reasonable time."  Here, any violation of Rule 32.1's timeliness requirement was not "clear" or "obvious" under current law.  *See United States v. Olano*, 507 U.S. 725, 734 (1993).  Given our holding in *Whitlock*, even if *United States v. Carper*, 24 F.3d 1157 (9th Cir. 1994), suggests application of Rule 32, application of Rule 32.1's reasonableness standard would not constitute plain error.

2.   The district court did not plainly err by failing to provide the government an opportunity to speak at the revocation sentencing.  Because Castillo-Cansino cites no authority requiring that the district court provide the government an opportunity to speak, any error could not be "clear under current law," *Olano*, 507 U.S. at 734.  Castillo-Cansino cites *Carper*, but *Carper* addresses a defendant's right to allocute, not the government's right to speak.  *See* 24 F.3d at 1158.

3.   The district court did not abuse its discretion by imposing a sentence that fell within the Guideline range.  The district court's decision was not substantively

2

unreasonable, because, in addition to the imposition of punishment for the crime underlying the revocation, "a court may properly *sanction* the violator for failing to abide by the conditions of the court-ordered supervision." *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) (internal quotation marks and citation omitted).

The district court's judgment is **AFFIRMED**.