
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50201 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-02703-BEN-1 |
| v. | |
| FROY SERRATO-CESAREO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted June 5, 2014[**]
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and ENGLAND, Chief District
Judge.[***]

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Morrison C. England, Jr., Chief District Judge for the
U.S. District Court for the Eastern District of California, sitting by designation.

1. The district court did not plainly err by delaying Froy Serrato-Cesareo's revocation sentencing. Federal Rule of Criminal Procedure 32.1 "'primarily' governs . . . post-revocation sentencing[s]." *United States v. Whitlock*, 639 F.3d 935, 940 (9th Cir. 2011). Rule 32.1(b)(2) requires "the court [to] hold the revocation hearing within a reasonable time." Here, any violation of Rule 32.1's timeliness requirement was not "clear" or "obvious" under current law. *See United States v. Olano*, 507 U.S. 725, 734 (1993). Given *Whitlock*, even if *United States v. Carper*, 24 F.3d 1157 (9th Cir. 1994), suggests application of Rule 32, application of Rule 32.1's reasonableness standard would not constitute plain error.

2. Any violation of Serrato-Cesareo's due process right to a prompt hearing is not "plain," because it is not "clear" or "obvious" under current law that the delay was unreasonable. *See Olano*, 507 U.S. at 734. "[O]ur cases considering due process claims for revocation proceedings have held that relief is not called for unless there was both unreasonable delay and prejudice." *United States v. Santana*, 526 F.3d 1257, 1260 (9th Cir. 2008). The delay of two months in this case is less than the delays at issue in both *Santana*, 526 F.3d at 1259-61 (121 days), and *United States v. Wickham*, 618 F.2d 1307, 1310-11 (9th Cir. 1979) (seven months), where this court found no violations of due process. Furthermore, this court has never held that delaying a revocation sentencing until after the

2

violator has been sentenced on the underlying criminal conduct constitutes an improper reason for delay or that it makes a delay in sentencing unreasonable.

3. The district court did not abuse its discretion by imposing a sentence that fell within the Guideline range. The district court's decision was not substantively unreasonable, because, in addition to the imposition of punishment for the crime underlying the revocation, "a court may properly '*sanction* the violator for failing to abide by the conditions of the court-ordered supervision.'" *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) (citation omitted).

**AFFIRMED**.