NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50083 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00390-RGK-35 |
| v. | |
| FRANK MARTINEZ, AKA Frank Burrola, AKA Frank B. Martinez, AKA Frank Martinez Segovia, AKA Stranger, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted February 12, 2019**
Pasadena, California

Before: D.W. NELSON and CALLAHAN, Circuit Judges, and KORMAN,***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

1

Frank Martinez distributed drugs and paid a portion of his profits as "taxes" to the Canta Ranas Organization ("CRO") – a criminal enterprise in California involved in assaults, murder, robbery, extortion, and drug trafficking. Pursuant to a plea agreement, Martinez pleaded guilty to conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count 1), drug trafficking conspiracy (Count 11), and possession of a firearm during and in relation to a drug trafficking crime (Count 25). On Count 1, the presentence report ("PSR") calculated the total offense level as 31 and a Criminal History category of IV, which translated into a Federal Sentencing Guidelines range of 151-188 months. Nevertheless, the district judge essentially downwardly departed from that range "a little bit" to a Criminal History Category III – yielding a range of 135-168 months – after taking into consideration, *inter alia*, the defendant's "age . . . social history, [and] incremental punishment." Martinez was sentenced to 195 months (135 months on Count 1 and 11 plus the mandatory minimum sentence of 60 months on Count 25, imposed consecutively), which was three months longer than the United States Probation Office recommended in its confidential sentencing recommendation. Martinez appeals on the ground that the district judge failed to acknowledge receipt

2

or reveal the contents of the confidential sentencing recommendation submitted by the Probation Office. *See* Fed. R. Crim. P. 32(e)(3).[1]

Because Martinez's counsel demonstrated knowledge of the existence of the confidential recommendation at the sentencing hearing but failed to specifically ask to have the recommendation unsealed or object to its non-disclosure, Martinez's claims are reviewed for plain error. Fed. R. Crim. P. 52(b); *see also United States v. Burgum*, 633 F.3d 810, 812 (9th Cir. 2011).

Federal Rule of Criminal Procedure 32(e)(3), the provision at issue, reads:

> By local rule or by order in a case, the court may direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence.

The Local Rules of the Central District of California do not direct non-disclosure, nor did the district judge. Defendants are entitled to "an adequate opportunity to confront and debate the relevant issues" in a sentencing hearing, *Irizarry v. United States*, 553 U.S. 708, 715 (2008), and the failure to permit such an opportunity constitutes a due process violation, *see United States v. Baldrich*, 471 F.3d 1110, 1114 (9th Cir. 2006).

---

[1] Because it is undisputed that defense counsel was aware that the Probation Office presented a confidential sentencing recommendation to the district court, we deny Martinez's pending motion to supplement the excerpt of record with an email from the Probation Office to defense counsel that acknowledges this fact (Dkt. No. 15).

Yet "no circuit to consider the argument has concluded that the Due Process Clause requires full disclosure of all the information relied on by a court at sentencing." *United States v. Eyraud*, 809 F.3d 462, 471 (9th Cir. 2015). Critically, a court is "not obligated to disclose evidence on which it [*does*] *not rely*." *United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011) (emphasis added). A defendant who "come[s] forward with no evidence other than the challenged result to suggest that improper facts were considered" is not entitled to relief. *Id.* at 942 (quoting *United States v. Gonzales*, 765 F.2d 1393, 1399 (9th Cir. 1985)).

The sentencing hearing transcript gives no indication that the district judge *relied* on any facts in the Probation Office's confidential sentencing recommendation in reaching a decision regarding Martinez's sentence. Indeed, the district judge listed the "many documents" he considered in determining Martinez's sentence. He did not include the confidential sentencing recommendation among them. And to the extent that he relied on any information, it was for the purpose of justifying a downward departure from the Guidelines. Specifically, the district judge made the following findings in support of this downward departure:

> The Court is . . . going to deviate . . . insofar as taking into consideration the defendant's age, he's 50 right now, his social history, incremental punishment . . . . Your 10-year sentence you got was about 10 years ago . . . and you have not had, other than misdemeanor driving without a license, any violations other than what I mentioned since you were 36. . . . [A]lso that you may very well face deportation, and . . . you left Mexico when you were seven years old . . . .

4

Since none of these findings involved facts not contained within the PSR and thus not already disclosed to Martinez, the district judge was not obligated to provide even a factual summary of the confidential sentencing recommendation.

Moreover, consistent with the practice followed in other cases involving this issue, the panel has been provided with a copy of the confidential sentencing recommendation "[i]n order to determine whether the district court complied with Rule 32's disclosure requirements." *Baldrich*, 471 F.3d at 1114; *see also Whitlock*, 639 F.3d at 941. Based on our examination, there are no facts on which the district court relied that were not also already detailed in the PSR. Under these circumstances, the failure to disclose the confidential sentencing recommendation in the absence of a request by defense counsel did not constitute error, much less plain error.

**AFFIRMED.**

5