**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

LESLIE GREY VANAMAN,

　　　　　Plaintiff-Appellant,

v.

MOLINAR; J. T. SHARTLE, Warden;
FEDERAL BUREAU OF PRISONS; R. L.
RHODES,

　　　　　Defendants-Appellees.

No.　21-15260

D.C. No. 4:17-cv-00222-JCH

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Arizona
John Charles Hinderaker, District Judge, Presiding

Submitted July 13, 2022 [**]

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges

　　　Leslie Vanaman, an inmate at the United States Penitentiary Tucson, appeals

from the district court's order granting summary judgment in favor of the

---

[*]　　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]　　　The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

defendants in his action arising out of the prison's rejection of an issue of a magazine. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Wood v. Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012), and affirm.

Vanaman's facial challenges to Complex Supplement TCX 5324.10B are moot. Vanaman only sought to enjoin rejection of future publications pursuant to the supplement, which is no longer in effect. *See Doe No. 1 v. Reed*, 697 F.3d 1235, 1238 (9th Cir. 2012) (a case becomes moot when "no effective relief remains available").

Summary judgment was proper for the defendants on the First Amendment and equal protection claims because the rejection of the magazine was reasonably or rationally related to legitimate penological interests of security and rehabilitation. The defendants made an individualized assessment that the magazine was risk-relevant to Vanaman's convictions and could hinder his rehabilitation. In addition, it could be traded or sold, interfering with the rehabilitation of other inmates and causing security risks. *See Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989) (setting forth the standard to assess incoming publications); *Pell v. Procunier*, 417 U.S. 817, 822-23 (1974) (legitimate penological interests include deterrence of crime, rehabilitation, and internal security); *United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011) ("neither

2

prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes"); *Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir. 1998) (setting forth the equal protection standard). Moreover, Vanaman failed to establish that he was treated differently from other similarly-situated prisoners. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) ("Evidence of different treatment of unlike groups does not support an equal protection claim.").

Appellant's "Motion to Take Judicial Notice" [Dkt. Entry No. 15] and "Motion to Supplement and Supplement to the Requested Relief" [Dkt. Entry No. 18] are DENIED.

**AFFIRMED.**