NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 22-50161 |
| | 22-50162 |
| Plaintiff-Appellee, | |
| | D.C. Nos. 2:13-cr-00826-PA-1 |
| v. | 2:21-cr-00545-PA-1 |
| ELVIS EDGARDO MOLINA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted December 5, 2023[**]
Pasadena, California

Before: WARDLAW, LEE, and BUMATAY, Circuit Judges.

Elvis Molina appeals his above-Sentencing Guidelines sentence imposed

following his guilty plea for illegal weapons possession and upon revocation of his

supervised release for possession and distribution of a controlled substance. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

1. <u>The court's reference to gun violence statistics at sentencing.</u> Federal Rule of Criminal Procedure 32(i)(1)(C) requires that, at sentencing, the district court provide defense counsel the opportunity "to comment on the probation officer's determination [in the Presentence Report] *and other matters related to an appropriate sentence.*" Fed. R. Crim. P. 32(i)(1)(C) (emphasis added).  We have interpreted Rule 32 "to require the disclosure of all relevant factual information to the defendant for adversarial testing." *United States v. Warr*, 530 F.3d 1152, 1162 (9th Cir. 2008) (quoting *United States v. Baldrich*, 471 F.3d 1110, 1114 (9th Cir. 2006)).  Where, as here, a defendant does not object at sentencing to a district court's compliance with Rule 32, we review for plain error.  *See United States v. Kaplan*, 839 F.3d 795, 803 (9th Cir. 2016).

Molina contends that the district court violated Rule 32 by impermissibly relying upon materials outside of the record in imposing an upward variance of 30 months above the applicable Guidelines range.  Molina maintains that he would have contested the district court's discussion of gun violence statistics had he been apprised before sentencing of the court's intent to introduce them at the hearing.

Molina's argument is unavailing.  The district court justified its sentencing decision based on Molina's extensive criminal history, his repeated violations of probation and supervised release, and the seriousness of illegal firearm possession.

The record suggests that the district court introduced the gun violence statistics to merely support the non-controversial proposition that "illegal possession of firearms is a serious offense." That Molina was not afforded an opportunity to contest the statistics did not substantially affect his rights given the district court's reliance on a litany of other factors that would justify an upward variance. The district court's failure to provide advance notice therefore did not constitute plain error.[1] For the same reason, Molina's due process argument fails, too. *See Baldrich*, 471 F.3d at 1111 ("[C]ompliance with Rule 32's requirement to disclose factual information relied on in sentencing satisfies the defendant's due process rights.") (citing *United States v. Gonzalez*, 765 F.2d 1393, 1398–99 (9th Cir. 1985)).

2. Substantive Unreasonableness. Molina also contends that the sentence is substantively unreasonable because the district court failed to properly weigh the 18 U.S.C. § 3553(a) factors. We review the substantive reasonableness of a sentence

---

[1] Molina argues that his case is indistinguishable from *Warr*. In *Warr*, we noted that "it can hardly be disputed" that, when sentencing the defendant, the district court "relied on" an outside study by the Bureau of Prisons (BOP), concerning "how age and criminal history category affect an offender's likelihood of recidivism," and that the study "amounted to relevant factual information." 530 F.3d at 1157, 1162–63. Here, however, the record indicates that, although the district court perhaps unnecessarily invoked the statistics, it did so to underscore the gravity of illegal weapons possession generally and did not necessarily or exclusively rely on the statistics as the basis for imposing an upward variance in sentencing. Moreover, even in *Warr*, we held that the district court's reliance on the BOP study did not constitute plain error. *Id.* at 1163 (holding that, "although the district court should not have cited the study without first notifying the parties, its failure to do so does not amount to plain error").

for abuse of discretion taking into account the totality of the circumstances, *see Gall v. United States*, 552 U.S. 38, 51 (2007), and we may not reverse simply because we believe that a different sentence is appropriate, *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

The district court properly weighed the § 3553(a) factors, and the court's sentencing decision was not predicated on the gun violence statistics invoked at the hearing. Considering "the nature and circumstances of the offense and the history and characteristics of the defendant" under § 3553(a)(1), the court noted that Molina, a convicted felon, possessed a loaded firearm on a public street, ran away from the arresting police officers, and threw a bag containing a loaded gun over a parked car. The court also noted that officers found a bag of methamphetamine in Molina's pocket upon his arrest—the same illegal substance which he was convicted of possessing in July 2014. Moreover, assessing "the need for the sentence imposed" under § 3553(a)(2), the court stressed the seriousness of illegal firearm possession, explaining that Molina's "conduct has not been deterred by the punishment approaches employed by various courts up until now," and observing that Molina had previously been afforded alternative forms of correctional treatment.

In light of the above, the record belies Molina's contention that the district court improperly imposed an upward variance "because of undisclosed statistics regarding mass shootings, homicides, and ghost guns." Given its "superior position

4

to find facts and judge their import under § 3553(a)," *Gall*, 552 U.S. at 51 (citation omitted), the district court did not abuse its broad sentencing discretion in concluding that an above-Guidelines sentence was appropriate.

    **AFFIRMED.**