**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-3534 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00779-PA-2 |
| v. | |
| TERRANCE DOUGLAS BAKER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted January 21, 2025
San Diego, California

Before: WALLACE, MCKEOWN, and OWENS, Circuit Judges

Terrance Baker appeals from the district court's resentencing after we

affirmed counts against him for Hobbs Act robbery and conspiracy to commit Hobbs

Act robbery but remanded "for a reduction in sentence or retrial on" a count for

brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c),

after holding that the firearm was found during an unlawful search and should have

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

been suppressed. At resentencing, the district court reduced the special assessment by $100 and removed the § 924(c) custodial sentence but added a previously unavailable firearm enhancement to the sentence for the affirmed counts to reach the same length of custodial sentence as previously imposed. *See United States v. Park*, 167 F.3d 1258, 1260 (9th Cir. 1999).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's compliance with our mandate. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1066 (9th Cir. 2012).

When, as here, Baker did not raise a claim of procedural error in sentencing in the district court but does so on appeal, we review the district court's determination for plain error. *United States v. Perez*, 962 F.3d 420, 454 (9th Cir. 2020).

Similarly, Baker did not preserve his claims that the conditions of his supervised release were unconstitutional, and we therefore review such claims for plain error as well. *See United States v. Garcia*, 507 F.3d 1213, 1220 (9th Cir. 2007), *amended and superseded on reh'g*, 522 F.3d 855 (9th Cir. 2008).

We affirm.

1. *Compliance with the Mandate.* We specified that we "reverse[d] the conviction under 18 U.S.C. § 924(c), and remand[ed] for a reduction in sentence or retrial on that count." *United States v. Baker*, 58 F.4th 1109, 1127 (9th Cir. 2023).

2

The district court reduced the special assessment by $100. While Baker asserts that the mandate's use of the word "sentence" refers only to the custodial sentence, our opinion included no such requirement. The special assessment is part of the sentence, and the district court therefore did not violate the mandate by reducing the special assessment. *See Hall*, 697 F.3d at 1067; *United States v. Kellington*, 217 F.3d 1084, 1093 (9th Cir. 2000). As such, the district court's imposition of the same length of custodial sentence, now based on the previously unavailable enhancement, did not violate the mandate.

2. *Federal Rule of Criminal Procedure 32 and Due Process.* Baker asserts that the district court violated Federal Rule of Criminal Procedure 32 and his right to due process by relying on materials outside the record and failing to disclose those materials prior to sentencing. The Federal Rules of Criminal Procedure provide that, at sentencing, the district court "must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence." Fed. R. Crim. P. 32(i)(1)(C); *see also United States v. Baldrich*, 471 F.3d 1110, 1113 (9th Cir. 2006), citing *United States v. Gonzalez*, 765 F.2d 1393, 1398–99 (9th Cir. 1985) ("[C]ompliance with Rule 32's requirement to disclose factual information relied on in sentencing satisfies the defendant's due process rights."). We have "interpreted Rule 32 'to require the disclosure of all relevant factual information to the defendant for adversarial testing.'" *United States v. Warr*, 530

3

F.3d 1152, 1162 (9th Cir. 2008), quoting *Baldrich*, 471 F.3d at 1114. But where a district court cites statistics for "well-known, common sense proposition[s]" rather than as "relevant factual information," the district court does not necessarily violate Rule 32 or due process by failing to disclose the source of those statistics. *Warr*, 530 F.3d at 1162–63. Here, the district judge did not violate Rule 32 or due process by referring to gun violence statistics merely to underscore the seriousness of Baker's crimes, as he otherwise properly relied on the 18 U.S.C. § 3553(a) factors to determine Baker's sentence.

3. *Conditions of Supervised Release.* Baker asserts that the district court improperly delegated its authority to the United States Probation Office (USPO) by requiring him to comply with the regulations of the USPO and follow a probation officer's instructions. He also contends that requiring him to "work at a lawful occupation" is unconstitutionally vague. Baker's challenges regarding improper delegation of authority are premature because they require us to "speculate on circumstances under which the probation could be revoked," which are more appropriately addressed "[i]f and when probation is revoked." *United States v. Romero*, 676 F.2d 406, 407 (9th Cir. 1982); *see also United States v. Vega*, 545 F.3d 743, 750 (9th Cir. 2008) (deferring pre-enforcement challenges to conditions of supervised release as premature). Next, requiring Baker to work at a lawful occupation is not unconstitutionally vague, as the condition omits words that create

ambiguity as to the time or frequency with which Baker would have to work to avoid violating the terms of his supervised release. *United States v. Evans*, 883 F.3d 1154, 1163 (9th Cir. 2018). Consequently, Baker's challenges to the conditions of his supervised release are rejected.

**AFFIRMED.**