**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

v.

ANTONIO URRUTIA-CONTRERAS,
AKA Antonio Urrutia,
    *Defendant-Appellant*.

No. 14-50113

D.C. No.
3:13-cr-07085-
GT-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Senior District Judge, Presiding

Argued and Submitted
February 5, 2015—Pasadena, California

Filed April 10, 2015

Before: Ronald M. Gould and Andrew J. Kleinfeld, Circuit
Judges, and Robert W. Gettleman, Senior District Judge.[*]

Opinion by Judge Gettleman

---

[*] The Honorable Robert W. Gettleman, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

**SUMMARY**[**]

**Criminal Law**

Vacating a sentence imposed for violation of the terms of supervised release and remanding for resentencing, the panel held that Fed. R. Crim. P. 32, which requires the district court to solicit the government's position with respect to sentencing, should be used to "fill in the gap" in Fed. R. Crim. P. 32.1, which is silent as to whether the government must be given an opportunity to make a statement with respect to revocation sentencing.

The panel held that the district court erred by failing to give the government an opportunity to make such a statement during the sentencing portion of the defendant's revocation proceeding, and that the error was not harmless.

**COUNSEL**

Kent D. Young (argued), Federal Defenders of San Diego, Inc., San Diego, California, for Defendant-Appellant.

Laura E. Duffy, United States Attorney, Bruce R. Castetter and Lawrence E. Spong (argued), Assistant United States Attorneys, San Diego, California, for Plaintiff-Appellee.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

GETTLEMAN, Senior District Judge:

Defendant-appellant Antonio Urrutia-Contreras appeals from a 15 month sentence for violation of the terms of his supervised release, which was imposed by the United States District Court for the Southern District of California to run consecutively to a 12 month sentence for illegal re-entry in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and vacate the consecutive sentence and remand.

**I.**

The procedural history in this case is unusual. In September 2011, after pleading guilty to a charge of illegal re-entry in the District of Arizona, defendant was sentenced to 15 months of imprisonment followed by a 3 year period of supervised release. That sentence was based on a Guideline offense level (after a fast-track reduction) of 10 and a criminal history of IV, resulting in an advisory Guideline sentence of between 15 and 21 months of imprisonment. The court sentenced defendant to the low end of the Guideline range.

As the government now concedes, however, the offense level for that sentence was erroneously computed because it was increased by 8 points based on a prior aggravated felony, pursuant to U.S.S.G. § 2L1.2(b)(1)(C). Defendant's prior conviction, in fact, was for a misdemeanor, not a felony, and his correct offense level should have been 2 with a criminal history of I, resulting in an advisory Guideline sentence of between 0 and 6 months. Because this error was not

discovered until after defendant completed his custodial sentence on April 1, 2012 (and was subsequently deported), defendant served that sentence and was on supervised release at the time he attempted to re-enter the United States illegally in southern California on September 13, 2013.

In November 2013, jurisdiction for defendant's supervised release was transferred to the Southern District of California and defendant was charged in an information in that district with attempted illegal re-entry, to which he pleaded guilty on October 31, 2013. On March 5, 2014, the district court held both a sentencing hearing on defendant's guilty plea to attempted illegal re-entry and a revocation hearing concerning his admitted violation of the terms of his supervised release. The court sentenced defendant to 12 months of incarceration on the illegal re-entry charge (from which defendant does not appeal) and heard argument from defense counsel with respect to what defendant's sentence should be for violating the terms of supervised release by his attempted re-entry.

Defense counsel argued that a 3 month consecutive sentence was appropriate, for a total of 15 months in custody, noting that defendant had already served more time than he likely would have had the Guideline miscalculation not occurred in 2011. The court also heard defendant's personal allocution, but did not solicit or otherwise ask for the government's sentencing recommendation. After noting that the Guideline range for the violation was 12 to 18 months, and citing *United States v. Simtob*, 485 F.3d 1058 (9th Cir. 2007), the court ordered a sentence of 15 months to run consecutively to the 12 months imposed for attempted illegal re-entry. When imposing the 15 month consecutive sentence, the court stated that it had "considered the breach of trust

which even though it was not the correct sentence, [the Arizona judge] did give [defendant] the low end of the Guideline range. So certainly, she was putting a substantial amount of trust in him at that time." This resulted in a total custodial sentence for the attempted illegal re-entry and consequent violation of the terms of supervised release of 27 months.

Following the sentence, defense counsel immediately objected "to the procedural and substantive unreasonableness" of the sentence, arguing that the court "did not ask the government to give its recommendation and it did not acknowledge probation's 12 month recommendation." The district judge summarily rejected that objection, stating, "Well, you see, it's the court's judgment, not the U.S. Attorney. This is not the U.S. Attorney's decision, it's the court's decision."

Defendant bases his appeal on two grounds. First, defendant argues that the district court committed error by violating Fed. R. Crim. P. 32.1, in failing to "provide an attorney for the government an opportunity to speak equivalent to that of the defendant's attorney," as required by Criminal Rule 32. Second, defendant argues that the sentence is objectively unreasonable in light of the incorrect sentence imposed in 2011 and other factors articulated in 18 U.S.C. § 3553(a). Because we agree that the district court violated Criminal Rule 32.1, we vacate the sentence and remand the case with directions to resentence defendant consistent with this opinion. We do not reach defendant's argument that the 15 month consecutive sentence was unreasonable.

## II.

We review the district court's compliance with the Federal Rules of Criminal Procedure *de novo*. *United States v. Pineda-Doval*, 614 F.3d 1019, 1040 (9th Cir. 2010). We begin by noting that Rule 32.1 primarily governs the procedures at revocation proceedings. *United States v. Leonard*, 483 F.3d 635, 638–39 (9th Cir. 2007). Although Rule 32.1 grants a defendant the right to make a statement, it is silent as to whether the government must also be given an opportunity to do so. Rule 32, which governs sentencing proceedings, however, provides that "[b]efore imposing sentence, the court must . . . provide an attorney for the government an opportunity to speak equivalent to that of the defendant's attorney." Fed. R. Crim. P. 32(i)(4)(A)(iii).

This court has held in a number of cases that where Rule 32.1 is silent with respect to the matters that must be considered by a district court in imposing a sentence for violating the terms of supervised release, Rule 32 may be used to "fill in the gap" in Rule 32.1. Thus, in *United States v. Whitlock*, 639 F.3d 935, 940 (9th Cir. 2011), this court held that the provisions of Rule 32(e)(3), permitting district courts to refuse to disclose the probation officer's sentencing recommendations, should "fill in the gap" in Rule 32.1 with respect to revocation proceedings. As noted in *Whitlock*, this conclusion is consistent with our ruling in *United States v. Carper*, 24 F.3d 1157 (9th Cir. 1994), in which the court "filled the gap" in Rule 32.1 (as then written) to include the defendant's right to allocute at a revocation proceeding.[1] *Whitlock*, 639 F.3d at 939–40.

---

[1] Rule 32.1 was amended in 2005 to provide for a right of allocution during revocation proceedings. Fed. R. Crim. P. 32.1(b)(2)(E).

Like the defendant's right to allocute and the probation officer's recommendation, the government's position with respect to the sentence to be imposed for violating the conditions of supervised release is an important factor for the sentencing court to consider and include in its reasoning. Particularly since the landmark decision in *United States v. Booker*, 543 U.S. 220 (2005), and its progeny, the Supreme Court and the circuit courts have emphasized the requirement that district judges consider and discuss the sentencing factors contained in the Sentencing Guidelines and 18 U.S.C. § 3553(a) when imposing a sentence.[2]

This requirement cannot be met if the district court fails to solicit the government's position, whether at a post-conviction sentencing or at a revocation proceeding. We have held that the failure to permit the government to speak at a post-conviction sentencing is plain error. *United States v. Waknine*, 543 F.3d 546 (9th Cir. 2008). As explained by the court:

---

[2] *See, e.g.*, *Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough [reasons for the imposed sentence] to satisfy the appellate court that he has considered the parties' arguments . . . ."); *Gall v. United States*, 552 U.S. 38, 49–50 (2007) ("[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party."); *Peugh v. United States*, __ U.S. __, 133 S. Ct. 2072, 2080 (2013) ("The district court must then consider the arguments of the parties and the factors set forth in § 3553(a)."); *see also United States v. Mohamed*, 459 F.3d 979, 985 (9th Cir. 2006) ("[D]istrict courts must provide specific reasons for their sentencing decisions, such that the record on appeal demonstrates explicit or implicit consideration of the sentencing factors set forth in § 3553(a).").

[T]he plain language of Rule 32 appears to contemplate that the government, like the defendant, will have an opportunity for a speaking role at the sentencing hearing before the district court has made a decision on the sentence. This is what we consider to be the normal reading of Rule 32, which here establishes what the court must do before imposing sentence and which provides that the opportunity of the government to speak shall be 'equivalent to that of the defendant's attorney.' Thus, it cannot make sense under this rule to have the defendant speak and then the court announce its sentence without letting the government speak responsively. The district court, therefore, plainly erred when it permitted Waknine and his counsel to speak but did not give the government an opportunity to speak before imposing a sentence of 121 months of imprisonment.

*Id*. at 553.

We hold that this court's rationale in *Waknine* applies to a revocation proceeding under Rule 32.1, thus requiring the district court to solicit the government's position with respect to sentencing for violation of the terms of supervised release. It may appear irregular for a court to make a decision as important as imposing a sentence of incarceration without soliciting the position of all parties. After the court has heard arguments from the defense, and considered a recommendation by the probation officer in the violation report, the imposition of a sentence without hearing the government's recommendation may create the appearance of

the court standing in for the government, calling into question the impartiality of the sentencing court.

Just as the government must be given the opportunity to disagree with a defendant's or a probation officer's sentencing recommendation, the government must be given the opportunity to indicate agreement.  Even silence in the face of a well-articulated defense argument for a particular sentence may convey the message to the sentencing court that the government has no objection to, or even agrees with, the recommended sentence.  This is an important factor that the district court must consider, although, of course, there is no requirement that the district court agree with that position.

In the instant case, the district judge's comment that it was the court's decision, and not the U.S. Attorney's, could be applied as equally to the defendant's position on sentencing as to the government's.  As noted by defendant in his submissions on appeal, the parties' positions may be even more important in a revocation proceeding governed primarily by Rule 32.1 than in an original sentencing proceeding governed by Rule 32, because revocation proceedings do not include extensive presentence investigation reports and rarely have the benefit of extensive briefing or written sentencing positions submitted before the revocation proceeding itself.  Indeed, the only time the district court hears from the government in such cases is usually at the revocation proceeding.

We also conclude that the error was not harmless.  We have held that where the defendant is denied the right to speak at sentencing, there is prejudice if the district court had discretion to impose a lower sentence.  *See, e.g.*, *United States v. Gunning*, 401 F.3d 1145, 1147–48 (9th Cir. 2005).

The parties do not dispute that the district court had such discretion here. We hold that the same rule applies here, where the government was not invited to speak, in light of our discussion above noting that government support can add substantially to the persuasiveness of a defendant's sentencing argument. *See also United States v. Whitney*, 673 F.3d 965, 973 (9th Cir. 2012). Also, we said in *Waknine*, applying plain error review, that there was no showing that a substantial right had been affected in part because the government in that case had submitted a sentencing memorandum before the post-conviction sentencing hearing. 543 F.3d at 553–54. As we observed above, revocation proceedings do not typically involve written sentencing positions submitted before the hearing.

## III.

For the foregoing reasons, we conclude that the district court erred by failing to provide the government with an opportunity to make a statement during the sentencing portion of defendant's revocation proceeding. We therefore vacate the district court's consecutive 15 month sentence and remand the case with directions to resentence defendant consistent with this opinion.

**VACATED and REMANDED.**