NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4612
_____

UNITED STATES OF AMERICA

v.

MICHAEL KONETSCO,
                            Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. Action No. 1-11-cr-00198-020)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 14, 2015
_____

Before: SMITH, GREENAWAY, JR., and SHWARTZ, *Circuit Judges*.

(Opinion Filed: August 24, 2015)
_____

OPINION[*]
_____

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Michael Konetsco ("Konetsco") appeals the District Court's November 17, 2014 judgment revoking his probation and sentencing him to eighteen months' imprisonment for violation of the terms of his supervision. His counsel filed a brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that no nonfrivolous issues exist for appeal and seeking to withdraw as counsel. For the reasons below, we will grant counsel's motion to withdraw and affirm the judgment of conviction of the District Court.

## I. Background

In 2012, Konetsco was convicted of using a communication facility to cause or facilitate a drug conspiracy and sentenced to two years' probation. Under the terms of his supervision, Konetsco was "not [to] commit another federal, state or local crime," or to "unlawfully possess a controlled substance." App. 15.

In December 2013, while Konetsco was still under federal supervision, the Probation Office filed a petition seeking a warrant for Konetsco's arrest. The petition alleged that Konetsco violated the terms of his probation on December 13, 2013, when the Pennsylvania State Police charged him with the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance.

Konetsco was convicted as charged in state court in October 2014. The next month, he appeared for his federal revocation proceeding with the assistance of counsel. The District Court concluded that Konetsco had violated the terms of his probation by committing another crime, revoked his probation, and imposed the lowest Guidelines

2

sentence of eighteen months' imprisonment.

Konetsco filed a timely notice of appeal.

## II. Standard of Review[1]

In a case arising under *Anders*, we determine whether: (1) counsel has adequately fulfilled the *Anders* requirements; and (2) an independent review of the record presents any nonfrivolous issues for appeal. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

To meet the first prong, counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," and "explain why the issues are frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). We find that counsel's discussion of the issues satisfies *Anders*'s first prong. Our independent review of the record confirms that there are no meritorious issues for appeal, satisfying the second prong.

## III. Analysis

Counsel thoroughly reviewed the record and concluded that: (1) the District Court had jurisdiction to revoke Konetsco's probation and impose a sentence for probation violations; (2) Konetsco was afforded all procedural protections under Federal Rule of Criminal Procedure 32.1, and received the required due process; (3) there was sufficient

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and revoked Konetsco's sentence of probation pursuant to 18 U.S.C. § 3565(a). This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

3

evidence in the record to support the District Court's revocation of probation; and (4) the sentence imposed by the District Court was both procedurally and substantively reasonable.

## A. *The District Court's Jurisdiction*

Konetsco appears to challenge the District Court's jurisdiction to revoke his probation and impose a new sentence after his term of probation had technically expired.[2] *See* Pro Se Br. at 1-2. The District Court, however, had subject matter jurisdiction of the underlying substantive offense under 18 U.S.C. § 3231, and was authorized to revoke a sentence of probation under 18 U.S.C. § 3565(a). Moreover, the District Court is specifically empowered to delay federal revocation proceedings "for any period reasonably necessary for the adjudication of matters arising before [federal supervision's] expiration, if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3565(c). Thus the District Court had the discretion to delay the federal revocation proceedings past the expiration of the probationary term pending the outcome of the state proceedings.[3]

Further, Konetsco, represented by counsel, did not object to the District Court's jurisdiction or authority to revoke probation at the hearing. We agree with counsel's

---

[2] Konetsco mistakenly argues that because he was "convicted . . . five months after [he] should have been released from probation," the revocation proceedings were barred by the "Double Jeopardy" clause. Pro Se Br. at 1-2. This argument, however, is more properly construed as a challenge to the District Court's jurisdiction, as discussed above.

[3] Indeed, this argument is particularly misplaced given that Konetsco himself filed several unopposed motions seeking to delay the revocation proceedings.

conclusion that challenging the jurisdiction of the District Court would be frivolous.

B. *Due Process*

Any due process argument advanced by Konetsco would also be meritless, as the record does not reveal any failure to comply with the due process requirements for probation violations, as established in *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) and Federal Rule of Criminal Procedure 32.1. As required by Rule 32.1(b), Konetsco appeared for a hearing to determine probable cause on December 19, 2013. On November 13, 2014, Konetsco participated in a revocation proceeding that complied with all the requirements of Rule 32.1(b)(2): (1) Konetsco received notice of the alleged violation through the probation officer's petition for revocation; (2) the revocation hearing was held within a reasonable time (given the pending state prosecution); (3) the evidence against Konetsco was disclosed; (4) Konetsco was represented by counsel, who presented testimonial and documentary evidence on his behalf; and (5) Konetsco allocuted on his own behalf at the revocation proceeding. Thus, we agree that a challenge arguing that the District Court did not comply with Federal Rule of Criminal Procedure 32.1 and due process requirements would be frivolous.

C. *Sufficiency of the Evidence*

There is also no basis to challenge the sufficiency of the evidence of the probation violation. Under the terms of Konetsco's supervision, Konetsco was "not [to] commit another federal, state or local crime," or to "unlawfully possess a controlled substance." App. 15. Konetsco's counsel conceded during the revocation proceedings that a

Pennsylvania jury had convicted Konetsco of possession with intent to deliver marijuana, a felony drug charge and Grade A probation violation pursuant to U.S.S.G. § 7B1.1(a)(1).[4] In light of Konetsco's conviction, ample evidence supported the District Court's conclusion that Konetsco had violated the terms of his supervision, and no nonfrivolous challenge to the sufficiency of the evidence exists.

*D. Reasonableness of Konetsco's Sentence*

Finally, Konetsco also has no viable challenge to the reasonableness of the sentence imposed by the District Court.

Under 18 U.S.C. § 3565(a), if the District Court finds a violation of probation, the District Court has the authority to resentence the defendant. In evaluating an appeal of a sentence imposed following revocation, we review the District Court's decision for procedural and substantive reasonableness under an abuse of discretion standard. *United States v. Young*, 634 F.3d 233, 237 (3d Cir. 2011). "'Procedurally, the [District Court] must give rational and meaningful consideration to the relevant [18 U.S.C.] § 3553(a) factors.'" *Id.* (quoting *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010)). Substantively, we look to "'whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration

---

[4] Although Konetsco maintains his innocence and is appealing that conviction in state court, the pending appeal has no effect on the District Court's finding of a violation. "A criminal conviction after a trial . . . affords a more than sufficient basis for revocation of probation, even if that conviction is still awaiting appellate review." *Roberson v. Connecticut*, 501 F.2d 305, 308 (2d Cir. 1974).

6

of the relevant factors.'"  *Id.* (quoting *Doe*, 617 F.3d at 770).

The District Court correctly calculated Konetsco's Guidelines range and applied the § 3553(a) factors.  As noted above, Konetsco's drug felony conviction constitutes a Grade A violation, and with his Criminal History Category of III, the advisory Guidelines range for his violation is 18-24 months' imprisonment.  Konetsco's counsel conceded at the revocation proceeding that this was the correct Guidelines range and did not object to the presentence investigation report[5] or dispositional report prepared by the probation officer in advance of the revocation proceeding.

The District Court also expressly "considered the factors listed in 18 U.S.C. [§] 3553" in imposing the Guidelines sentence.  App. 35.  Specifically, the District Court noted that Konetsco's compliance with supervision had been "poor" and concluded that Konetsco had "no intention to follow the conditions of his supervision" in light of "several positive drug screens" and the new felony drug conviction.  *Id*.  Thus, the District Court's sentence is procedurally reasonable.

The District Court's sentence of eighteen months for a Grade A probation

---

[5] Konetsco argues in his pro se submission that, pursuant to Federal Rule of Criminal Procedure 32, the District Court had a "mandatory duty . . . to have an updated presentence report prepared prior to sentencing," and claims that the District Court improperly relied on the presentence report that was prepared for the sentencing for his underlying offense in 2012.  Pro Se Br. at 1-2.  Rule 32, however, does not mandate the preparation of a new presentence report for probation revocation proceedings, which are governed by Rule 32.1.  *See United States v. Urrutia-Contreras*, 782 F.3d 1110, 1114 (9th Cir. 2015) (noting that because revocation proceedings are governed by Rule 32.1 rather than Rule 32, "revocation proceedings do not include extensive presentence investigation reports").

7

violation is also substantively reasonable. The correct procedure was employed and a reasonable conclusion reached given the evidence presented. *See Young*, 634 F.3d at 237 ("'Absent procedural error, we will affirm the sentencing court unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.'" (quoting *Doe*, 617 F.3d at 770)). While the District Court did not expressly consider Konetsco's request for a downward variance based on his medical conditions, it expressed concern regarding Konetsco's ability to access his necessary medications, sentenced Konetsco to the lowest Guidelines sentence available, and included in the order a recommendation that the Bureau of Prisons place Konetsco "at an institution that can provide the defendant with the medical attention he needs." App. 4. Konetsco cannot meet his burden of showing that a reasonable sentencing court would not have imposed the same sentence. Thus, any challenge to the sentencing procedure would be frivolous.

## IV.  Conclusion

Because this Court's own review of the record reveals no additional viable issues, we find that no nonfrivolous issues exist for consideration on appeal. We will grant counsel's motion to withdraw pursuant to *Anders*, and affirm the judgment of the District Court.