**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50443 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-00263-SVW |
| v. | |
| LORENZO ESPINOZA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted and argued on October 19, 2015
Pasadena, California

Before: PREGERSON, CALLAHAN, Circuit Judges, and BASTIAN, District Judge.**

Lorenzo Espinoza appeals his sentence of 60 months that was imposed after

we remanded the case for re-sentencing on both procedural and substantive

grounds. He asks that his sentence be remanded to a different judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Stanley A. Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

On appeal, we first consider "whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). As Espinoza did not raise his procedural objections in the district court, we review for plain error. *United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010). The substantive reasonableness of a sentence is reviewed for abuse of discretion. *Gall*, 552 U.S. at 51.

1.     The district court violated Rule 32 when it relied on confidential Presentence Investigative Reports (PSIR) of other defendants without giving notice to the parties. This was plain error because relying on extra-record materials affected Espinoza's due process rights, and affected the fairness and integrity of the judicial proceedings.[1] In the first sentencing hearing, the district court concluded the record did not support the leadership enhancement. At the second

---

[1]Under plain error review:
> an appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an "error"; (2) the error is "clear or obvious, rather than subject to reasonable dispute"; (3) the error "affected the appellant's substantial rights, which in the ordinary case means" it "affected the outcome of the district court proceedings"; and (4) "the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

*United States v. Marcus*, 560 U.S. 258, 262 (2010) (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

2

hearing, the district court imposed the leadership enhancement after consulting the confidential PSIRs of the other defendants, which suggests that the use of these reports affected the outcome of the sentencing proceedings.

2.    The district court committed plain error in denying the government an opportunity to speak. *United States v. Urrutia-Contreras*, 782 F.3d 1110, 1113 (9th Cir. 2015) (noting that "imposition of a sentence without hearing the government's recommendation may create the appearance of the court standing in for the government, calling into question the impartiality of the sentencing court"). In this case, the government recommended a sentence below the ultimate sentence imposed by the court. As such, the failure to permit the government to speak was not harmless. *Id.* (noting that government support can add substantially to the persuasiveness of a defendant's sentencing argument). Here, it is not clear that the government's oral recommendation at the hearing would have had no effect on the district court's conclusion as to the appropriate prison term.

3.    The government concedes the district court made a one-level error in the sentencing guideline calculations.

4.    Espinoza asks that we reassign the case to a different district judge. The general rule is that "absent unusual circumstances, resentencing is to be done by the original sentencing judge." *United States v. Acosta-Chavez*, 727 F.3d 903, 910

(9th Cir. 2013) (quoting *United States v. Waknine*, 543 F.3d 546, 560 (9th Cir. 2008)). Absent any allegations of bias, we consider the following three factors in determining whether "unusual circumstances" exist:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving appearance of fairness.

*Id.* (citations omitted).

We see no reason to depart from our general rule in this case. There is no reason to believe that the district court will not follow the law on remand. We decline to exercise our discretion to reassign this matter.

5.   We vacate the sentence for procedural error and remand for resentencing. We reject Espinoza's other claims of procedural error and express no view as to whether a sixty-month sentence is or is not substantively reasonable for the crimes of which Espinoza was convicted.

**VACATED and REMANDED**.


**_USA v LORENZO ESPINOZA 13-50443_**

Callahan, Circuit Judge, dissenting:

I respectfully dissent. As Espinoza did not raise his procedural objections in the district court, we review for plain error. *United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010). Espinoza bears the burden of persuading this Court that the error affected the outcome of the proceeding. *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005). Espinoza has not shown that the imposition of the role enhancement or denying the government the opportunity to speak has "affected [his] substantial rights," and thus he has not demonstrated plain error. *United States v. Marcus*, 560 U.S. 258, 262 (2010) (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

1.      It is doubtful that the district court relied on the confidential Presentence Investigative Reports (PSIRs) of the other defendants in sentencing Espinoza. In the second sentencing hearing, the district court stated that it had improperly relied on *United States v. Quigley*, 373 F.3d 133 (D.C. Cir. 2004) in the original sentencing. Because the district court no longer felt constrained by *Quigley*, it found that Espinoza was eligible for a leadership enhancement. Therefore, the district court did not need to rely on confidential PSIRs to make this determination.

1

Even if the court had relied on confidential PSIRs, Espinoza did not demonstrate that such reliance changed the outcome of the proceedings. Espinoza does not allege that any of the facts from the PSIRs are false or inaccurate. Espinoza, citing *United States v. Yamashiro*, 788 F.3d 1231 (9th Cir. 2015), contends that reliance on the reports is enough to demonstrate prejudice. However, in *Yamashiro*, we held that there was "structural error." 788 F.3d at 1234–1236 (defendant was denied counsel during a portion of his sentencing hearing). Espinoza has not alleged a "structural error," and therefore must demonstrate that he suffered prejudice as a result of the court's alleged reliance on the confidential PSIRs. As he has not shown prejudice, there is no plain error.

2. Espinoza has not demonstrated that failure to allow the government the opportunity to speak affected the outcome of his proceeding. In *United States v. Waknine*, 543 F.3d 546, 553–554 (9th Cir. 2009), we held that even though the government had been denied the opportunity to defend its sentencing choice, because its position was clear from the sentencing memorandum, the defendant did not demonstrate prejudice. Similarly, in this case the government filed its sentencing position with the court before the first and second sentencing hearing, thus making their position clear.

*United States v. Urrutia-Contreras*, 782 F.3d 1110 (9th Cir. 2015), on which

the majority relies, is distinguishable, as it concerned denying the government the opportunity to speak during a revocation proceeding. However, *Urrutia-Contreras* specifically distinguished *Waknine*, noting that "revocation proceedings do not typically involve written sentencing positions submitted before the hearing." *Urrutia-Contrares*, 782 F.3d at 1114. As Espinoza challenges his resentencing based in part on a sentencing memorandum, *Waknine* and not *Urrutia-Contreras,* is our governing precedent. Accordingly, Espinoza's failure to demonstrate that denying the government the opportunity to speak affected his substantial rights is fatal to his claim under the applicable plain error standard of review.

3.      The government concedes a one-level calculation error in the sentencing guidelines, but *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) holds that guideline calculation errors are subject to harmless error review. In this case, the district court's incorrect guideline range (15-17) "overlaps substantially" with the correct guidelines range (16), and thus was harmless. *Id*. at 1030 n.5.

I concur in the decision not to reassign the case to another judge.

For the foregoing reasons, I would affirm the judgment in its entirety.[1]

---

[1]Importantly, the majority reversed on procedural grounds only, and expressed no view as to the substantive reasonableness of Espinoza's sentence.