MEMORANDUM **
Lorenzo Espinoza appeals his sentence of 60 months that was imposed after we remanded the case for re-sentencing on both procedural and substantive grounds. He asks that his sentence be remanded to a different judge.
On appeal, we first consider “whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence.” United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (citing Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). As Espinoza did not raise his procedural objections in the district court, we review for plain error. United States v. Blinkinsop, 606 F.3d 1110, 1114 (9th Cir.2010). The substantive reasonableness of a sentence is reviewed for abuse of discretion. Gall, 552 U.S. at 51, 128 S.Ct. 586.
1. The district court violated Rule 32 when it relied on confidential Presentence Investigative Reports (PSIR) of other defendants without giving notice to the parties. This was plain error because relying on extra-record materials affected Espinoza’s due process rights, and affected the fairness and integrity of the judicial pro *411 ceedings.[1] In the first sentencing hearing, the district court concluded the record did not support the leadership enhancement. At the second hearing, the, district court imposed the leadership enhancement after consulting the confidential PSIRs of the other defendants, which suggests that the use of these reports affected the outcome of the sentencing proceedings.
2. The district court committed plain error in denying the government an opportunity to speak. United States v. Urrutia-Contreras, 782 F.3d 1110, 1113 (9th Cir.2015) (noting that “imposition of a sentence without hearing the government’s recommendation may create the appearance of the court standing in for the government, calling into question the impartiality of the sentencing court”), In this case, the government recommended a sentence below the ultimate sentence imposed by the court. As such, the failure to permit the government to speak was not harmless. Id. (noting that government support can add substantially to the persuasiveness of a defendant’s sentencing argument). Here, it is not clear that the government’s oral recommendation at the hearing would have had no effect on the district court’s conclusion as to the appropriate prison term.
3. The government concedes the district court made a one-level error in the sentencing guideline calculations.
4. Espinoza asks that we reassign the case to a different district judge. The general rule is that “absent unusual circumstances, resentencing is to be done by the original sentencing judge.” United States v. Acosta-Chavez, 727 F.3d 903, 910 (9th Cir.2013) (quoting United States v. Waknine, 543 F.3d 546, 560 (9th, Cir. 2008)). Absent any allegations of bias, we consider the following three factors in determining whether “unusual circumstances” exist;
(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving appearance of fairness.
Id. (citations omitted).
We see no reason to depart from our general rule in this case. There is no reason to believe that the district court will not follow the law on remand. We decline to exercise our discretion to reassign this matter.
5.We vacate the sentence for procedural error and remand for resentencing. We reject Espinoza’s other claims of procedural error and express no view as to whether a sixty-month sentence is or is not substantively reasonable for the crimes of which Espinoza was convicted.
VACATED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Under plain error review:
an appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an "error”; (2) the error is "clear or obvious, rather than subject to reasonable dispute”; (3) the error "affected the appellant’s substantial rights, which in the ordinary case means” it “affected the outcome of the district court proceedings”; and (4) "the error seriously affectfs] the fairness, integrity or public reputation of judicial proceedings.”
United States v. Marcus, 560 U.S, 258, 262, 130 S.Ct. 2159, 176 L.Ed.2d 1012 (2010) (citing Puckett v. United States, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009)).