*412 CALLAHAN, Circuit Judge,
dissenting:
I respectfully dissent. As Espinoza did not raise his procedural objections in the district court, we review for plain error. United States v. Blinkinsop, 606 F.3d 1110, 1114 (9th Cir.2010). Espinoza bears the burden of persuading this Court that the error affected the outcome of the proceeding. United States v. Ameline, 409 F.3d 1073, 1078 (9th Cir.2005). Espinoza has not shown that the imposition of the role enhancement or denying the government the opportunity to speak has “affected [his] substantial rights,” and thus he has not demonstrated plain error. United States v. Marcus, 560 U.S. 258, 262, 130 S.Ct. 2159, 176 L.Ed.2d 1012 (2010) (citing Puckett v. United States, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009)).
1.It is doubtful that the district court relied on the confidential Presentence Investigative Reports (PSIRs) of the other defendants in sentencing Espinoza. In the second sentencing hearing, the district court stated that it had improperly relied on United States v. Quigley, 373 F.3d 133 (D.C.Cir.2004) in the original sentencing. Because the district court no longer felt constrained by Quigley, it found that Espinoza was eligible for a leadership enhancement. Therefore, the district court did not need to rely on confidential PSIRs to make this determination.
Even if the court had relied on confidential PSIRs, Espinoza did not demonstrate that such reliance changed the outcome of the proceedings. Espinoza does not allege that any of the facts from the PSIRs are false or inaccurate. Espinoza, citing United States v. Yamashiro, 788 F.3d 1231 (9th Cir.2015), contends that reliance on the reports is enough to demonstrate prejudice. However, in Yamashiro, we held that there was “structural error.” 788 F.3d at 1234-1236 (defendant was denied counsel during a portion of his sentencing hearing). Espinoza has not alleged a “structural error,” and therefore must demonstrate that he suffered prejudice as a result of the court’s alleged reliance on the confidential PSIRs. As he has not shown prejudice, there is no plain error.
2. Espinoza has not demonstrated that' failure to allow the government the opportunity to speak affected the outcome of his proceeding. In United States v. Waknine, 543 F.3d 546, 553-554 (9th Cir.2008), we held that even though the government had been denied the opportunity to defend its sentencing choice, because its position was clear from the sentencing memorandum, the defendant did not demonstrate prejudice. Similarly, in this case the government filed its sentencing position with the court before the first and second sentencing hearing, thus making their position clear.
United States v. Urrutia-Contreras, 782 F.3d 1110 (9th Cir.2015), on which the majority relies, is distinguishable, as it concerned denying the government the opportunity to speak during a revocation proceeding. However, Urrutiar-Contreras specifically distinguished Waknine, noting that “revocation proceedings do not typically involve written sentencing positions submitted before the hearing.” Urrutia-Contreras, 782 F.3d at 1114. As Espinoza challenges his resentencing based in part on a sentencing memorandum, Waknine and not Urrutiar-Contreras, is our governing precedent. Accordingly, Espinoza’s failure to demonstrate that denying the government the opportunity to speak affected his substantial rights is fatal to his claim under the applicable plain error standard of review.
3. The government concedes a one-level calculation error in the sentencing guidelines, but United States v. Munoz-Camarena, 631 F.3d 1028, 1030 (9th Cir. *413 2011) holds that guideline calculation errors are subject to harmless error review. In this case, the district court’s incorrect guideline range (15-17) “overlaps substantially” with the correct guidelines range (16), and thus was harmless. Id, at 1030 n. 5.
I concur in the decision not to reassign the case to another judge.
For the foregoing reasons, I would affirm the judgment in its entirety.[1]

. Importantly, the majority reversed on procedural grounds only, and expressed no view as to the substantive reasonableness of Espinoza’s sentence.