**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-30069 |
| Plaintiff-Appellee, | D.C. No.<br>2:15-cr-00030-RHW-1 |
| v. | |
| KYLE K. CROSON, AKA Kyle Kenneth<br>Croson, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Argued and Submitted February 4, 2019
Seattle, Washington

Before:  IKUTA and CHRISTEN, Circuit Judges, and CHOE-GROVES,** Judge.

Kyle Kenneth Croson appeals the district court's order revoking his

supervised release and sentencing him to twelve months' imprisonment.  We have

jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Jennifer Choe-Groves, Judge for the United States
Court of International Trade, sitting by designation.

Because there is no precedential decision to the contrary, the district court did not plainly err in accepting Croson's counsel's admission to the supervised release violations on Croson's behalf; the court was not required to obtain Croson's personal admission. *See United States v. Segal*, 549 F.2d 1293, 1300 (9th Cir. 1977). Contrary to Croson's argument, the probation officer sufficiently identified all six supervised release violations, including Violation 8, the two missed urinalysis tests on February 2 and 12, 2018.

The district court did not plainly err by not soliciting the government's position on sentencing. The district court asked the government if it had any questions, and there is no indication that the government lacked "an opportunity to speak equivalent to that of the defendant's attorney." *United States v. Urrutia-Contreras*, 782 F.3d 1110, 1112 (9th Cir. 2015) (internal quotation marks omitted). Moreover, Croson has not met his burden of showing that any error was one that "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings," *United States v. Vonn*, 535 U.S. 55, 63 (2002) (internal quotation marks omitted) (alterations in original), given that the sentence was within the range recommended by the Guidelines, and thus was consistent with the Commission's statutory mandate of ensuring fairness and certainty in sentencing, *see Rita v. United States*, 551 U.S. 338, 350 (2007).

2

The court did not erroneously consider whether the sentence would "promote respect for the law" or "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); *see also United States v. Miqbel*, 444 F.3d 1173, 1181 (9th Cir. 2006). The record reflects that the court merely asked Croson whether he had given up on treatment and wanted the court to abandon its supervised release efforts and impose sentence for Croson's underlying convictions.

**AFFIRMED.**