**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10042 |
| Plaintiff-Appellee, | D.C. No. 1:06-cr-00269-LJO-1 |
| v. | |
| MANUEL BURCIAGA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted September 8, 2020[**]

Before:    TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Manuel Burciaga appeals from the district court's judgment and challenges the 60-month sentence imposed upon his second revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand for resentencing.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Burciaga contends that the district court committed procedural error by failing to: make an individualized determination of the sentence, instead relying only on its earlier promise that a violation of supervised release would result in the imposition of the statutory maximum term; consider the relevant sentencing factors; and explain the sentence adequately. He also argues that his sentence is substantively unreasonable. We need not resolve these claims because we conclude that remand is required on a different basis. As the government pointed out in footnote two of its answering brief, the district court did not address the government during the revocation hearing, which deprived the court of "the benefit of the government's assessment of the proper sentence in this case." While the government did not say so explicitly, this was error under Federal Rule of Criminal Procedure 32.1. *See United States v. Urrutia–Contreras*, 782 F.3d 1110, 1114 (9th Cir. 2015) (Rule 32.1 requires the district court "to solicit the government's position with respect to sentencing for violation of the terms of supervised release"). Moreover, the error was prejudicial. The government states that, were the case to be remanded, it would concur with probation's recommendation for a within-Guidelines, 12-month sentence, which is also the sentence Burciaga originally requested. Because the district court might have imposed a lower sentence had it been urged by the government, in addition to Burciaga and probation, to impose a sentence four years shorter than the one it did, we conclude

20-10042

that the Rule 32.1 error was not harmless. *See id.* (error in not inviting government to speak at revocation sentencing is not harmless if the district court had discretion to impose a lower sentence and the government's argument might have "add[ed] substantially to the persuasiveness of a defendant's sentencing argument"). Accordingly, we vacate the judgment and remand for resentencing.

**VACATED and REMANDED for resentencing.**

20-10042