**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50247 |
| Plaintiff-Appellee, | D.C. No. 3:21-cr-00698-TWR-1 |
| v. | |
| DANIEL MARK BUTCHER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Submitted April 17, 2023[**]

Before:     CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Daniel Mark Butcher appeals from the district court's judgment and

challenges the 12-month sentence imposed upon the revocation of his supervised

release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Butcher's sole contention on appeal is that the district court reversibly erred

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

by failing to provide the government an opportunity to make a sentencing argument. Butcher's general objection to "all the procedural and substantive deficits in his sentence" was insufficient to preserve this claim. *See United States v. Grissom*, 525 F.3d 691, 694 (9th Cir. 2008). We therefore review for plain error. *See United States v. Waknine*, 543 F.3d 546, 551 (9th Cir. 2008). Although the district court may have erred by failing to solicit the government's sentencing position, *see United States v. Urrutia-Contreras*, 782 F.3d 1110, 1114 (9th Cir. 2015), Butcher has not shown that the error affected his substantial rights. Butcher's speculation that the government would have recommended a lesser sentence had it been given an opportunity to speak, and that the court would have been persuaded by such a recommendation despite rejecting probation's argument for a lesser sentence, is insufficient to establish a reasonable probability that he would have received a different sentence absent the error. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008); *see also Waknine*, 543 F.3d at 553-54 (defendant did not show that the district court plainly erred in failing to give the government an opportunity to speak at sentencing because he did not show that the government's remarks would have changed the court's conclusion as to the sentence).

**AFFIRMED.**