**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-6141 |
| Plaintiff - Appellee, | D.C. No. 2:24-cr-00264-SVW-1 |
| v. | |
| ANGEL RAMON MENDOZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted May 21, 2025[**]

Before: SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Angel Ramon Mendoza appeals from the district court's judgment and challenges the sentence of 14 months' imprisonment and 2 years' supervised release imposed following the revocation of his supervised release. We have jurisdiction under 28 U.S.C § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mendoza contends that the district court procedurally erred by failing to (1) correctly determine the Guidelines range, (2) solicit the government's view on the appropriate sentence, and (3) explain its sentencing decision adequately. Because Mendoza did not raise these claims in the district court, we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

The district court did not plainly err. Probation's sentencing summary chart stated the correct Guidelines range, which was repeated by Mendoza's counsel at sentencing. The court's reference to the statutory range reflects only that it understood it could go higher than the Guidelines range, as it later did. Moreover, the court engaged in a discussion with the government as to its decision not to proceed on some of the allegations and was told by both parties that they had jointly agreed as to the appropriate disposition of the case. *See United States v. Urrutia-Contreras*, 782 F.3d 1110, 1114 (9th Cir. 2015) (the government must be given the opportunity to indicate agreement or disagreement with the defendant's sentencing recommendation). Finally, the court's explanation for the sentence, though brief, is sufficient to allow for meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). At a minimum, Mendoza has not shown a reasonable probability that he would have received a lesser sentence absent the alleged errors. *See United States v. Dallman*, 533 F.3d

755, 762 (9th Cir. 2008).

Mendoza also contends that the sentence is substantively unreasonable. He argues that a within-Guidelines custodial sentence would have been sufficient to deter future violations and protect public safety, and that the 2-year supervised release term is unduly burdensome and may undermine his rehabilitation. The district court did not abuse its discretion. *See United States v. Gall*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable under the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including the nature of Mendoza's violations and the need to protect the public. *See Gall*, 552 U.S. at 51. Although Mendoza asserts that the 2-year term of supervised release is unnecessary because he will be on state probation, he does not discuss the terms of his state probation or explain how they would conflict with federal requirements.

**AFFIRMED.**